Plaintiff is the widow of Jacob M. Goldsmith of the City of New Orleans, and acquired in the succession of her husband by inheritance a certain promissory note made by defendant, Edward A. Parsons, and signed by him at New Orleans, La., on July 26, 1930, for the sum of $1,757.75, bearing 8 per cent. interest from the 26th day of April, 1931, until paid, payable to himself nine months after date, and by him duly indorsed.
The note stipulates 10 per cent. attorneys' fees, if collected by an attorney or by legal *Page 124 
proceedings, and is subject to the following credits: $10 on June 15, 1932; $100 on August 10, 1931; and $50 on November 5, 1931, making a total payment of $160.
On November 14, 1932, plaintiff, as the alleged holder and owner, brought suit against defendant in the civil district court for the parish of Orleans for the full amount of the note, $1,757.75, less a credit of $160 previously paid, with 8 per cent. per annum interest thereon from April 26, 1931, and 10 per cent. attorneys' fees.
In his answer to the suit, defendant admits the execution of the note, but avers:
"That the said Jacob M. Goldsmith for many years preceding his death was a personal friend of respondent.
"That the said Jacob M. Goldsmith was the agent in New Orleans for the Prudential Life Insurance Company, and that his offices adjoined that of respondent.
"That as a result of the close friendship between them, respondent was induced by the said Mr. Goldsmith to take out in the said Prudential Life Insurance Company a policy for Fifty Thousand ($50,000) Dollars, on which the premium would be $1,757.75.
"That respondent explained to said Jacob M. Goldsmith that he was not in a position financially to pay such a premium on such a policy, and that the said Goldsmith induced your respondent to take out the said policy, none the less, and to give to the said Goldsmith, in lieu of a cash premium, the note herein sued upon.
"That respondent at the time expressed to the said Goldsmith the doubt of his ability to keep in force a policy of that size, and *Page 125 
that, as a further inducement to respondent to go through with said transaction, the said Goldsmith told respondent that, in the event respondent found he was unable to keep up the said policy, the said Goldsmith would charge respondent only so much as he, the said Goldsmith, would be compelled to pay into the Company on the first year's premium.
"That the said note herein was acquired by plaintiff by inheritance from the said Jacob M. Goldsmith and that she has no greater rights growing out of the execution of the said note than said Goldsmith would have if he were alive."
Respondent admits in his answer that were Jacob M. Goldsmith alive he would be indebted to him in the actual amount paid in by Goldsmith to the company as agreed upon, which we understand to be the amount of the premium, less the commission of Goldsmith as agent of the Prudential Life Insurance Company.
Respondent avers that he "is entitled to be informed as to the amount of said actual indebtedness, and sued therefor rather than upon the said note.
"That respondent is unable to fix the amount of his liability to the plaintiff herein, as heir of the said Jacob M. Goldsmith, the said information being exclusively in the possession of the said plaintiff herein, whose suit should be dismissed and that plaintiff should be relegated to the remedy of suit upon the actual agreement between the respondent and said Goldsmith as above set forth," and respondent so prays.
A rule was issued by the trial judge upon defendant to show cause why judgment should not be rendered against him for the *Page 126 
full amount prayed for on the face of the pleadings, on the ground that the answer does not set forth a legal defense.
The rule was discharged and the case proceeded to trial. Judgment was rendered in favor of plaintiff for the full amount of the note, less a credit of $160, with interest and attorneys' fees as prayed for by plaintiff.
On appeal to the Court of Appeal for the the parish of Orleans the judgment of the civil district court was affirmed (154 So. 68). A rehearing was granted, which resulted in the reinstatement by the Court of Appeal of its original judgment (156 So. 822, 823).
Application to this court was made by defendant, Edward A. Parsons, for a writ of certiorari, which was granted, and the case is now before us for review.
The sole defense is failure of consideration, and is based upon the verbal agreement made by defendant with Mr. Goldsmith at the time of the execution of the note that he would accept a lesser sum equal to the amount which Mr. Goldsmith was obliged to remit to his principal, the Prudential Life Insurance Company.
In its original opinion, the Court of Appeal held that there was no question involved of failure of consideration of the note sued on; that a promissory note was an unconditional promise to pay, which did not differ from other forms of written contracts; and that parol evidence was not admissible for the purpose of qualifying the obligations of the note.
In the opinion on rehearing reinstating its original decree, the Court of Appeal stated that: "The consideration for which the note was given, it seems to us, was the protection *Page 127 
of the policy for the year that it was in force. The suggestion that the maker of the note might pay a lesser sum does not affect the consideration of the note, but clearly involves another and a different agreement, or a modification of the written contract as expressed in the note."
In Commercial Bank of Lafayette Trust Co. v. Barry,179 La. 684, 692, 154 So. 736, 738, it is said: "Section 28 of Act No. 64 of 1904 declares that absence or failure of consideration is a matter of defense as against any person not a holder in due course. And, as we have hereinabove shown, plaintiff cannot be regarded as a holder in due course. Hence it was competent for defendant to show, if he could do so, that the note was without consideration, was given merely as a matter of form, and was not intended to bind him personally."
Again, in Belknap Hardware Mfg. Co. v. Hearn, 179 La. 909, 912, 155 So. 396, 397, this court said: "As the note sued on was delivered to plaintiff in consideration of plaintiff's promise to extend to the maker a line of credit of $5,000, and, as plaintiff has failed to perform its part of the agreement, plaintiff cannot recover on the note.
"On the trial of the case, plaintiff objected to the admission of parol evidence to vary, alter, or contradict the terms of the note. The objection was overruled, and plaintiff assigns as error the ruling of the trial judge. We find no merit in plaintiff's complaint. Article 2276 of the Civil Code and the authorities cited by plaintiff holding that written contracts are not subject to modification by parol evidence are inapplicable to the issue presented in this case. Negotiable paper is *Page 128 
governed by laws peculiar to itself. The want, failure, or illegality of consideration may be established by parol testimony between the parties to a note. Grieve v. Sagory, 3 Mart. (O.S.) 599; Griffin v. Cowan, 15 La. Ann. 487; Reeve v. Doughty, 19 La. Ann. 164. See, also, section 28 of Act No. 64 of 1904 (The Negotiable Instruments Law)."
The note sued on was made payable to defendant, by him indorsed, and delivered to Mr. Goldsmith.
It was acquired by plaintiff in his succession by inheritance and after maturity.
The title of plaintiff to the note was not by transfer by indorsement of the holder, completed by delivery to her, nor was the note ever delivered by any one to her in the lifetime of her husband, even if the note may be considered as payable to bearer.
There has been no negotiation of the note sued on in the sense of section 30 of Act No. 64 of 1904, which provides that: "An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery."
Section 57 of Act No. 64 of 1904 provides that: "A holder in due course holds the instrument free from any defect of title of prior parties, and free from defences available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon." But section 58 of the statute declares that: "In the hands of any holder other than a holder in due course, a negotiable *Page 129 
instrument is subject to the same defences as if it were non-negotiable."
Plaintiff, therefore, cannot be regarded as a holder in due course, and the note sued on is subject to the same defenses as if it were nonnegotiable. Commercial Bank of Lafayette Trust Co. v. Barry, 179 La. 684, 689, 690, 154 So. 736.
We are therefore of the opinion that parol evidence is admissible to establish, as against plaintiff, a holder not in due course, the defense of failure of consideration.
Besides, as plaintiff's sole title to the note is by inheritance in the succession of her husband, she stands in his shoes, and has no greater rights than he had.
It cannot be doubted that if Mr. Goldsmith had sued defendant on the note, he could have urged the present defense of failure of consideration.
Our conclusion therefore is that parol evidence is admissible to establish the defense in this case.
2. The cause of the contract is the consideration or motive for making it; and a party can show the existence of a true and sufficient consideration, if the cause expressed should be one that does not exist. Civ. Code, arts. 1896, 1900.
In our opinion, the true consideration that induced defendant to give the note was the verbal agreement to pay a less amount than the face value of the note, evidencing the full premium.
3. Testimony as to this verbal agreement upon which defendant relies is in the record. Testimony also as to the difference between *Page 130 
the commission of Mr. Goldsmith and the face of the premium was also admitted on the trial of the case.
This evidence, however, was not passed upon by the Court of Appeal, as that court did not consider that parol evidence was admissible in the case to prove the verbal agreement between Mr. Goldsmith and defendant.
It becomes necessary therefore that the case should be remanded.
It is therefore ordered that this case be remanded to the Court of Appeal of the parish of Orleans, in order that it may consider and pass upon the parol evidence offered by defendant touching the verbal agreement between defendant and Goldsmith, and may render such judgment in the case as the law and the evidence in the judgment of the court may justify.
HIGGINS, J., recused.
 On Rehearing.