336 So.2d 878 (1976)
BORO INDUSTRIES, INC.
v.
JAMES J. CULOTTA, INC.
No. 7441.
Court of Appeal of Louisiana, Fourth Circuit.
June 9, 1976.
Rehearing Denied August 31, 1976.
Writ Refused November 19, 1976.
*879 Joseph E. Friend, Dodge, Friend, Wilson & Spedale, New Orleans, for plaintiff-appellant.
Harold J. Zeringer, Jr., Zeringer & Zeringer, New Orleans, for defendant-appellee.
Before REDMANN, GULOTTA and STOULIG, JJ.
REDMANN, Judge.
Plaintiff delivered $21,547.48 of cabinets to a Mississippi apartment project and was paid only $19,494.24. It now appeals from the dismissal of its demand for the $2,053.24 balance against a corporation and an individual alleged to be a guarantor. We reverse as to the corporation.
The suit began as an action against the corporation alone for an account balance. An amendment to the petition alleged a written contract, guaranteed by the individual, with the same balance due. If taken literally, the supplemental petition would have substituted the contract claim for, rather than added it as an alternative to, the action on the account. But neither the parties nor the trial court took this literal view: for example, the parties stipulated the account balance (which exceeds *880 the contract balance). We therefore treat the case as presenting both claims alternatively.
The individual defendant, James J. Culotta, was president and majority shareholder of James J. Culotta, Inc. and of Tide Rock Village Apartments, Inc. Culotta Inc. was in the construction business. Tide Rock, a Mississippi corporation, owned land in Biloxi upon which apartments were being constructed, apparently by Culotta Inc. (A construction loan and mortgage agreement between Tide Rock and a lender separates "owner" from "contractor" without identifying the contractor; Culotta Inc. did by its check pay for part of the cabinet bill.)
Culotta caused the preparation by plaintiff's salesman of a purchase contract form for 118 sets of cabinets. The buyer was identified in typewriting as "James J. Culotta", to which was added in hand-lettering "Construction Co. Inc." The contract showed "Job at Tide Rock Apartments, Biloxi." Culotta signed that contract in a blank headed "Payment guaranteed by". Culotta did not there limit his signature by showing any representative capacity; and he did not anywhere else sign for any corporation.
There is no "James J. Culotta Construction Co., Inc." Yet the inference is that Culotta objected to his own name being recited as that of the buyer; that the buyer was intended by both parties to be a corporation for which Culotta was acting. That corporation cannot have been Tide Rock, which the contract described only as the job-site. It is more probable than not that "James J. Culotta Construction Co. Inc." intended to name "James J. Culotta, Inc."
Similarly the account plaintiff carried identified its debtor as "James J. Culotta Const."
We conclude that the person intended to be buyer by both seller and (through its president) itself was James J. Culotta, Inc., both as to the contract and as to purchases in addition to those specified by the contract.
The trial judge dismissed on the ground that plaintiff's home office never did formally accept the contract, which specified that it was "subject to acceptance of home office." This was error. The contract was accepted (and undisputedly performed) by shipping the cabinets. The contract price was dueand all of it but $455.22 was paid.
Because suretyship is a promise to pay the debt of a third person, C.C. 3035, it must be in writing to be provable, C.C. 2278(3). Moreover it must be explicit, C.C. 3039. The "Payment guaranteed by" writing signed by Culotta individually is express at to payment of that written contract's $19,949.46, but it does not oblige Culotta as surety on any additional purchases. His liability is therefore limited to any balance of the contract price.
The principal obligor, Culotta Inc., has no such limitation. The parties stipulated that the balance on the account is $2,053.24. Culotta Inc. is liable for that amount (which includes the $455.22 contract balance) unless its defense of defectiveness of the cabinets reduces that liability.
Plaintiff's salesman agreed that "many of the cabinets were delivered without or with incorrect hardware, that many of the doors had to be rehung or readjusted, that many of the panels had to be replaced, and that a considerable amount of adjustment to the equipment was necessary before the cabinets could be installed." Defense testimony of the cabinets' causing 60 days of delay in construction, however, is incredible. The credible proof of the cost of correcting the problems is little more than an hourly wage rate and the need for a substantial number of hours of work. We estimate less than an hour for each apartment, and allow a total of $500, to include any necessary hardware.
*881 We therefore conclude that nothing is due on the contract, so that neither is the guarantor liable at all nor is Culotta Inc. liable for the stipulated 10% interest and 20% attorney's fees.
The judgment is reversed as to Culotta Inc. and there is judgment for plaintiff against Culotta Inc. for $1,553.24 with legal interest from February 7, 1973 and all costs.