357 So.2d 871 (1978)
Raymond B. GAUTREAU, Plaintiff-Appellee,
v.
MODERN FINANCE COMPANY OF GONZALES, INC., Defendant-Appellant.
No. 11837.
Court of Appeal of Louisiana, First Circuit.
March 20, 1978.
Rehearing Denied May 1, 1978.
Benjamin C. Vega, Jr., Donaldsonville, for plaintiff-appellee.
Keith D. Jones, Baton Rouge, for defendant-appellant.
Before LANDRY, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
This is a suit to compel the redemption of certain debentures prior to the maturity dates shown on the instruments themselves.
*872 From an adverse judgment, defendant now appeals. We affirm.
Raymond B. Gautreau (appellee) purchased certain debentures totaling $34,000.00 issued by Modern Finance Company of Gonzales, Inc. (appellant) providing interest at the rate of ten percent per annum (payable quarterly) and maturing three years from date of issue. Appellee was the attorney for the appellant-corporation. When his client-attorney relationship was terminated, he sought to redeem the subject debentures. Appellant refused and this litigation followed.
Appellee bases his claim on an alleged oral agreement between himself and appellant's managing officer under which, in accordance with company policy, he would be permitted to redeem his debentures at any time.
Appellant contends (1) that parol evidence may not be used to vary the terms of a written instrument; and (2) that its managing officer, Steve Morris (now deceased), had no authority to enter into such an agreement. Appellant also re-urges its peremptory exception of failure to join an indispensable party, General Electric Credit Corporation (GEC) on the grounds that GEC is the holder of superior indebtedness of appellant.
C.C. Art. 2276 provides that: "Parol evidence shall not be admitted against or beyond what is contained in the act, nor on what may be said before or at the time of making them or since." This article has not been strictly applied and numerous exceptions have developed. See: Comment, Louisiana's Parol Evidence Rule: Article 2276, 35 La.L.Rev. 779 (1975).
It has been held that, as between parties to an instrument, parol evidence is admissible and competent to show fraud, mistake, illegality, want or failure of consideration, to explain an existing ambiguity when the explanation sought to be offered is not inconsistent with its written terms, or to show that the instrument is but a part of the entire oral contract between the parties. Gulf States Finance Corporation v. Airline Motors Auto Sales, Inc., 248 La. 591, 181 So.2d 36 (1965); Goldsmith v. Parsons, 182 La. 122, 161 So. 175 (1935). It is the latter noted exception to the rule, if applicable here, with which we are concerned.
Appellee testified that at the time he purchased the subject debentures he was assured by Morris that they could be redeemed at any time he wished. Earlier debentures of his (appellee's) had been redeemed prior to maturity. It is undisputed that, both prior and subsequent to the purchase of the debentures now in contest, the directors of appellant were allowed to cash in their debentures at any time under just such an agreement.
Mr. Richard Brazen, the present chairman of the board of directors of appellant-corporation, testified that such a practice was not the policy of the corporation. He did concede that certain persons were allowed to cash their debentures early through specific agreements with Morris. Brazen had had such an agreement and had cashed in some of his debentures earlier prior to Morris' death.
Under the above circumstances, the question is not whether appellant had such a general policy that it is now estopped to deny appellee the same privilege that it had accorded others. Rather, the question is whether the issuance of the debentures to appellee was part of an oral agreement between appellant and appellee that these particular debentures would be redeemed by the former prior to maturity at the latter's request. The existence of that oral agreement is a fact to be proved.
With respect to such proof, we should note that in his petition appellee averred that appellant had established a "policy" of redeeming its debentures prior to maturity and on request. On the day of the trial, appellant filed a peremptory exception of no cause of action premised on the grounds that the petition contained no allegations which would justify or support any relief in derogation of the written terms of the debentures. The trial judge properly referred the exception to the merits. C.C.P. Art. 929.
*873 However, when this matter was tried on the merits, appellee went further than just adducing evidence as to "policy." He testified as to assurances given to him by Morris that his request for early redemption would be honored. This latter testimony was admitted without objection and has the effect of enlarging the pleadings. It is this evidence that forms the basis for appellee's contention of the existence of an oral contract.
The evidence clearly preponderates to the effect that there was in fact an oral agreement and we so hold.
The remaining question then is one of law. Does the existence of this oral agreement have the effect of altering or varying the terms of the instrument, i. e., the maturity dates. We hold that it does. The facts here presented are basically indistinguishable from those upon which the decisions in the Gulf States Finance Corp. and Goldsmith cases, above, are based.
We find no merit in appellant's contention that Morris was without authority to enter into such an agreement. We are not dealing with an isolated incident. The directors were not given preferential treatment when their respective debentures were redeemed prior to maturity. The corporation needed the money and they, as well as appellee, were encouraged to purchase debentures under similar agreements. We think it ill behooves the present directors to argue that Morris had the authority to enter into such agreements with them but not with appellee. While Morris was not acting with formal corporate approval, he was certainly acting with the full knowledge, consent, approval and even participation of the individual directors.
We also find that appellant's exception of appellee's failure to join an indispensable party (GEC) was properly overruled by the trial judge. The debenture does contain language to the effect that it is subordinated to holders of "Superior Indebtedness" of appellant-corporation. However, there is no evidence in the record that the proceeds from the sale of these debentures was actually pledged to GEC or that GEC was in any manner a preferred creditor. To the contrary, GEC was not a party to the contract. The dispute in the instant matter is solely between appellee and appellant. Therefore, the basic issue remains the same. Is appellant bound by its oral agreement to redeem the subject debentures notwithstanding the written terms to the contrary. We hold that it is and for the same reasons given hereinabove with respect to the maturity dates.
Finally, we should note that these debentures were never offered to the general public. They were only sold to the directors and other persons closely associated with appellant. It is quite apparent that it was not the intention of appellant that the holders thereof or appellant would be bound by written terms. Appellant not only did not adhere to the written maturity dates but also paid interest in excess of that provided for in the debentures. All of this was done in an obvious attempt to encourage designated individuals to invest funds in the corporation.
For the above reasons, the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.