DOUCET, Judge.
Plaintiff, King Musical Instruments, Inc., filed the present suit alleging payment was due on an open account. Named defend *787 ants were Arceneaux Music Center, Inc. and Jack Arceneaux. The corporate defendant responded with a peremptory exception of no right of action premised upon its pending Chapter 11 Bankruptcy petition. Jack Arceneaux responded with a dilatory exception of prematurity, alleging his exposure to the plaintiff, pursuant to his personal guarantee, must await resolution of the bankruptcy proceedings. The trial judge stayed all actions against Arceneaux Music Center and sustained the exception of prematurity. From that judgment, the plaintiff appeals the ruling relative to the exception of prematurity. We reverse.
Surety is an accessory promise by which a person binds himself for another already bound, and agrees with the creditor to satisfy the obligation if the debtor does not. La.Civ.Code Art. 3035. Where the surety has renounced the plea of discussion the effects of his engagement are to be determined pursuant to rules established for debtors in solido. La.Civ.Code Art. 3045. Wooten v. Wimberly, 272 So.2d 303 (La.1972). The contract sued upon herein binds the appellee in solido with the corporate defendant stating “This is a guarantee of payment and not merely one of collecta-bility .... ” The guarantee further states that appellee is bound “jointly and severally” and included a waiver of notice of maturity of payments and default thereof and concludes that the guarantor’s liability shall be unconditional.[1]
A contract of guaranty is similar if not equivalent to a contract of suretyship and in both there is an engagement to answer for the debt, default or miscarriage of another. American Bank & Trust Co. v. Blue Bird Restaurant & Lounge, Inc., 279 So.2d 720 (La.App. 1st Cir.1973) affirmed 290 So.2d 302 (La.1974). An absolute guaranty exists whenever the guarantor binds himself in solido with the principal debtor or when he waives benefit of discussion and division and the guarantee can proceed directly against the guarantor upon default of the principal debtor whereas a conditional guarantee obligates the guarantor to discharge the principal’s debt only in the event the creditor is unable to recover payment through legal action against the debtor and *788 the guarantor is entitled to a discussion of the debtor’s effects. American Bank & Trust Co. v. Blue Bird Restaurant & Lounge, Inc., supra. The terms of the agreement clearly indicate the existence of an absolute guarantee. Thus the exception of prematurity was improperly sustained.
Defendant Jack Arceneaux, as soli-dary surety, has his remedy against the principal debtor upon payment of the debt. La.Civ.Code Arts. 2106, 3035, 3052, 3053, 3077; Louisiana Bank & Trust Co., Crowley v. Boutte, 309 So.2d 274 (La.1975). The extent of his recourse will, of course, have to await resolution of Arceneaux Music Center’s bankruptcy proceeding.
The propriety of the stay order is not at issue on appeal. Furthermore, no serious argument has been made that the bankruptcy stay order affects an action against a third party inasmuch as such provisions contained in 11 U.S.C. § 1301 restrain a creditor from collecting a debt from a co-debtor only where the petitioner in bankruptcy is a Chapter 13 wage earner debtor and the debt involved is a consumer debt. Moreover, any such stay against a co-debtor terminates once the case is converted to a Chapter 7 proceeding. Here, the corporate defendant originally filed for debtor rehabilitation, the debt is commercial, and the case has since been converted to a liquidation proceeding.
For the reasons assigned hereinabove, the judgment of the trial court sustaining the exception of prematurity is reversed and the case is remanded for further proceedings constant with this opinion. All costs of this appeal are taxed to defendant Jack Arceneaux.
REVERSED AND REMANDED.

. The complete agreement is as follows:
“PERSONAL GUARANTEE
In consideration that King Musical Instruments, Inc., hereinafter referred to as the “CREDITOR” sell and deliver to Arceneaux Music Center, 2928 Johnston, Lafayette, LA 70506, hereinafter referred to as the “DEBTOR”, goods, wares and merchandise on credit on and after the date hereof, we hereby jointly and severally guarantee payment unto said Creditor and for all goods, wares and merchandise so sold and delivered from time to time, and also for all goods, wares and merchandise heretofore sold and delivered by the Creditor to said Debtor.
This shall be a Continuing Guarantee to cover the existing balance of $54,458.36 and for all sales heretofore and hereafter made by said Creditor to said Debtor and shall continue until notice of its termination shall be given by the undersigned to said Creditor in writing thirty (30) days in advance of termination.
The guarantors hereby waive notice of the acceptance of this Guarantee, notice of purchases and maturity of payments, notice of default in payment by the said Debtor, and all other notices required or customarily given under like circumstances, and we hereby agree that the said Creditor may, from time to time, extend the time payment of the whole or any part of the indebtedness, or receive other security from or on behalf of the Debtor, without, in any wise, discharging the undersigned from any of the obligations hereunder. Any account stated or settled between the Creditor and Debtor shall be conclusive on the Guarantors.
This is a guarantee of payment and not merely one of collectibility and is assignable by the Creditor. In the event it is proposed that more than one person shall sign this guarantee, the failure of such additional person or persons to sign the same shall not affect the liability of any person or persons whose signatures are affixed or subscribed hereto, but such liability shall be absolute, fixed and unconditional upon the signing thereof.