505 So.2d 95 (1987)
WHITNEY NATIONAL BANK
v.
A.J. PALERMO, Richard C. Hayes and C.M. Jacobs.
No. CA-6136.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1987.
*96 Jerry A. Brown, Linton W. Carney, Jr., Monroe & Lemann, New Orleans, for plaintiff-appellee.
Michael G. Crow, Richard A. Goins, Adam and Reese, New Orleans, for defendants-appellants.
Before SCHOTT, KLEES and LOBRANO, JJ.
SCHOTT, Judge.
Defendant, C.M. Jacobs, has appealed from a summary judgment against him in favor of plaintiff, Whitney National Bank of New Orleans, for over $2,000,000 on the basis of a "Continuing Guaranty" agreement entered into by Jacobs with the bank. The only issue is whether summary judgment was precluded because of evidence raised by Jacobs in an affidavit and a deposition that the bank official who obtained the guaranty committed the bank to monitor and carefully review all loans made to the principal debtor and to see that the principal debtor was not accumulating excessive inventory with the funds loaned by the bank. The trial court held that the factual issues created by this evidence were not material because they could not support a defense to Whitney's claim on the guaranty agreement as a matter of law.
Jacobs was a stockholder, officer, and director of Treyco Oil Field Supplies, Inc., a supplier of pipe to the oil field business. Treyco's other stockholders, officers, and directors were A.J. Palermo and Richard Hayes who also signed the guaranty agreement and were originally joined as defendants in this suit. A separate summary judgment, now final, was taken against Palermo; and a consent judgment was taken against Hayes.
On September 23, 1981 these three owners of Treyco met with officials of Whitney which had been previously extending credit to Treyco, and the three signed the written "Continuing Guaranty" agreement which provided in pertinent part as follows:
In Consideration of the Whitney National Bank of New Orleans, at my request, giving or extending terms of credit, from time to time, one or more times, or having given or extended terms of credit to _______ Treyco Oil Fields Supplies, Inc_______ hereinafter called debtor, I hereby give this continuing guaranty to the said Whitney National Bank of New Orleans, its transferees or assigns, for the payment in full, of any indebtedness or liability, direct or contingent, of said debtor to said Whitney National Bank of New Orleans; the extent of my obligation however being limited to the amount of ____ Five Million and No/100 ______ DOLLARS, plus all interest, fees and charges, of whatsoever nature and kind owed by the debtor to said Bank, whether due or to become due and whether now existing or hereafter arising, and I hereby bind and obligate myself, my heirs and assigns, in solido with said debtor, for payment of any such indebtedness or liability precisely as if the same had been contracted and was due or owing by me in person, hereby agreeing to, and binding myself my heirs and assigns, by all the terms and conditions contained in any note or notes or other obligation or obligations signed or to be signed by said debtor, making myself a party thereto and, waiving all notice and pleas of discussion and division, I agree to pay to said Bank, its transferees or assigns, upon demand at any time, *97 the full amount of any indebtedness, obligation, liability, or sums of money that might become due, up to the amount of this guaranty, plus interest, fees and charges as above set forth.....
* * * * * *
It is Expressly Agreed that this continuing guaranty is absolute and complete, and that acceptance and notice of acceptance thereof by the Bank are therefore unnecessary and they are hereby expressly waived.
Jacobs does not deny that he signed this agreement or that he fully understood what it meant. However, in his affidavit in opposition to Whitney's motion for summary judgment and his deposition he asserted that he was told by Whitney's officials that they were going to closely monitor Treyco's finances as loans were made and would not allow Treyco to build up its inventory on the money being loaned to it. Jacobs further asserted that this agreement by Whitney constituted legal consideration for his signing the guaranty and that Whitney's failure to perform under this separate agreement precluded Whitney from executing against Jacobs under the guaranty.
A party is entitled to a summary judgment if the pleadings, depositions, and affidavits show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. An adverse party cannot prevent the rendition of a summary judgment against him by creating issues of fact which are not material or whose resolution would have no bearing on the moving party's legal basis or right to a judgment. Thus, the key question before us is whether Whitney would be precluded from obtaining its summary judgment even if the facts raised by Jacobs were true. In addition, if the evidence alluded to by Jacobs is inadmissible and may not be even considered by the court as a matter of law, it could not deprive Whitney of its right to summary judgment.
Jacobs acknowledges that the general rule of C.C. art. 2276 (1870) would make his evidence inadmissable because it would be parol evidence of what was said by the parties before the written agreement was signed and it would substantially alter the agreement. However, Jacobs contends that this evidence is admissible as an exception to the parol evidence rule because it would show that the instrument is but a part of the entire oral contract between the parties. In support of this argument Jacobs relies on Gautreau v. Modern Finance Co. of Gonzales, 357 So.2d 871 (La. App. 1st Cir.1978).
In the Gautreau case the court compelled the defendant to redeem debentures held by plaintiff prior to their maturity dates on the basis of testimony that the defendant made an oral agreement at the time the debentures were issued that they would be redeemed prior to maturity on plaintiff's request. In holding that this oral agreement had the effect of altering the maturity dates of the debentures the court found the facts to be indistinguishable from two Supreme Court cases, Gulf States Finance Corporation v. Airline Motors Auto Sales, Inc., 248 La. 591, 181 So.2d 36 (1965) and Goldsmith v. Parsons, 182 La. 122, 161 So. 175 (1935).
The Goldsmith case involved a suit on a note by one who was not a holder in due course and the question of the admissibility of parol evidence offered by the maker to show that the delivery of the note was conditional and that there was a partial failure of consideration. The case was decided on the basis of the law of negotiable instruments and the court held that the parol evidence rule with respect to written contracts was inapplicable.
In the Gulf States case plaintiff filed suit on fifty notes all payable on demand each secured by a chattel mortgage on a motor vehicle. The defense was that the parties had entered into an oral "floor planning agreement" under which each note would become due and payable only when the chattel securing it was sold. The trial court had rendered judgment for plaintiff on the pleadings holding that the evidence of the oral agreement was inadmissible under art. 2276's parol evidence rule. The *98 Supreme Court reversed on the theory that such evidence was admissible as an exception to the general rule to show that the writing was only a part of a larger oral contract between the parties. The court reasoned that a grave injustice would result if the defendant was not permitted to show that the execution and delivery of the notes constituted performance of the obligation it undertook when the broader floor plan agreement was orally confected.
Here again, as in the Goldsmith case, the court was dealing with a suit on promissory notes and, as the court reasoned in Goldsmith, parol evidence was admissible to show failure or lack of consideration for the issuance of the notes.
The reasoning of the court in the Goldsmith case would support the result in Gautreau. A debenture for all practical purposes is a promissory note so that parol evidence was admissible to show a lack or failure of consideration. Furthermore, the court in Gautreau was clearly influenced by evidence that the corporation had allowed others including defendant's board chairman to cash their debentures prematurely before plaintiff had requested that his be paid.
The instant case is not a suit on a note; it is a suit on a contract of guaranty which is equivalent to a contract of suretyship. King Musical Instruments v. Arceneaux Music Center, Inc., 441 So.2d 786 (La.App. 3rd Cir.1983); Boyle v. Fringe Facts, Inc., 414 So.2d 1333 (La.App. 2d Cir.1982). A contract of suretyship must be in writing. C.C. art. 3039; Boro Industries, Inc. v. James J. Culotta, Inc., 336 So.2d 878 (La.App. 4th Cir.1976) writ den. 339 So.2d 24. Since the contract itself must be in writing it cannot be altered by parol evidence. Dr. Cristina v. Weiser, 215 La. 1115, 42 So.2d 868 (1949); Prestigiacomo v. Phoenix Insurance Co. of Hartford, 231 So.2d 431 (La.App. 4th Cir. 1970); Miller v. Housing Authority of New Orleans, 175 So.2d 326 (La.App. 4th Cir.1965); modified on other grounds, 249 La. 623, 190 So.2d 75 (1966). It would be inconsistent to allow a contract which must be in writing to be subject to alteration on the basis of oral statements made between the parties prior to the signing of the contract. The result we have reached is consistent with Whitney National Bank v. Badalamenti, 499 So.2d 1267 (La.App. 4th Cir.1986.)
Accordingly, the judgment appealed from is affirmed.