569 So.2d 271 (1990)
PEOPLE'S HOMESTEAD FEDERAL BANK FOR SAVINGS, Plaintiff-Appellee,
v.
Fred O. LAING, Jr. Individually and d/b/a Laing Farms, Defendant-Appellant.
No. 21837-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1990.
*272 Jones & Johnson by Richard L. Fewell, Jr., Monroe, for defendant-appellant.
Snellings, Breard, Sartor, Inabnett & Trascher by Charles C. Trascher, III, Monroe, for plaintiff-appellee.
Before NORRIS, LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
The defendant, Fred O. Laing, Sr., individually and d/b/a Laing Farms, appeals from a summary judgment granted by the trial court in this suit on a promissory note. For the reasons assigned below, we reverse.

FACTS
On November 16, 1988, People's Homestead Federal Bank for Savings filed suit against Mr. Laing, individually and d/b/a Laing Farms. The suit was brought on a promissory note dated March 1, 1987, in the original principal amount of $53,874.40. The terms of the note provided for a principal payment of $26,937.20 on December 31, 1987, and the balance on December 31, 1988, with interest payable quarterly beginning June 1, 1987. Interest was payable on *273 the unpaid principal amount at the rate of 3.00% over the Chase Manhattan Prime, with a minimum rate of 10.50% per annum from the date of the note, until paid. This hand note was secured by a collateral mortgage note dated May 28, 1985. The collateral mortgage note was payable to bearer and was due on demand. It had been executed by Mr. Laing and several family members in the principal amount of $300,000, with interest at the rate of 12% per annum from date until paid, with attorney fees of 25%.
The petition also asserted that the collateral mortgage note was paraphed with an authentic act of collateral mortgage covering immovable property in Morehouse parish. The petition further asserted that there was additional security as specified on the hand note, including several collateral pledge agreements executed by various members of the Laing family. The bank asserted that the hand note was delinquent in that the defendant had failed to make the principal payment due December 31, 1987, or the quarterly interest payment due June 1, 1987. The bank asserted that it had made demand for payment upon the defendant without avail, and that it was seeking to reserve its rights under the collateral security agreements.
The defendant filed his answer on May 22, 1989. He raised several affirmative defenses. Insofar as pertinent here, the defendant asserted that the promissory note, which he executed on March 1, 1987, was based on the promise of the bank's representatives that it would finance the Laing family farm for two years. However, once the note was signed, the bank refused to make the crop loan. The defendant asserted that because of the bank's misrepresentation, the obligation was extinguished and the defendant was released from liability. Alternatively, if the debt was found to be due and owing, the defendant claimed that he was entitled to offset against the balance due on the note the amount of his damages and losses which resulted from the late planting of crops and the false inducement of signature. In the further alternative, he asserted that the contract should be set aside because of failure of consideration.
On June 5, 1989, the bank filed a motion and rule to strike from the answer the allegations concerning the affirmative defenses. The record does not reflect any disposition of this motion.
On July 24, 1989, the bank filed a motion for summary judgment. Attached to the motion was an affidavit by the bank's vice president, verifying the facts as set forth in the petition. In response, the defendant filed an opposition and affidavit in support of the allegations contained in his answer. A hearing was held on August 14, 1989. Subsequently, the trial court ruled on August 21, 1989, that there was no genuine issue as to material facts, and granted the summary judgment. A judgment in conformity with this decision was signed on September 18, 1989.
The defendant appealed. Thereafter, on March 6, 1990, a motion and order for substitution of party-plaintiff was filed in this court. It was asserted that People's Homestead Federal Bank for Savings had been placed into receivership under the authority of the Office for Thrift Supervision and that the Resolution Trust Corporation had been appointed receiver. Subsequently, OTS had created a new institution, People's Homestead Savings Bank, fsb, Monroe, Louisiana. Thus, the motion requested that the Resolution Trust Corporation, as conservator of People's Homestead Savings Bank, fsb, be substituted as a party-plaintiff as it is the successor-in-interest of the assets of People's Homestead Federal Bank for Savings. The motion was granted on April 2, 1990.
In his appeal, the defendant asserts that the trial court erred in granting the motion for summary judgment. Specifically, he contends that there was a failure of consideration because his sons were not given the loan which was allegedly promised if he signed the note on March 1, 1987. He further asserts that the bank's breach of its agreement by failing to provide the loan caused him to incur losses for which he should be permitted an offset to be established at trial.
*274 The plaintiff argues that the record is devoid of any evidence of a promise of future financing. Furthermore, it alleges that even if the defendant's allegations are accepted as true, any evidence tending to establish them would be inadmissible under the Louisiana parol evidence rule and the federal D'Oench doctrine.

SUMMARY JUDGMENT
Summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the moving party is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966. When a motion for summary judgment is made and supported by affidavits, answers to interrogatories and admissions of record, the adverse party may not rest on the mere allegations or denials of his pleading, but must, by affidavit or otherwise, show specific facts which establish that a genuine issue exists for trial. If the adverse party does not so respond, summary judgment shall be rendered against him, if appropriate. LSA-C. C.P. Art. 967.
The burden of proof initially rests upon the party moving for summary judgment to show convincingly, either by affidavits, depositions or other admissible proof, that there is an absence of a genuine issue of material fact between the litigants. All reasonable doubt shall be resolved against movant and in favor of trial on the merits. Until movant discharges this burden, the obligation of countering by the adverse party does not arise. Once movant has discharged this burden, the adverse party must show by admissible evidence that a genuine issue of material fact does exist. Landry v. E.A. Caldwell, Inc., 280 So.2d 231 (La.App. 1st Cir.1973).
Mere belief by a trial court that a litigant is unlikely to prevail on the merits is not sufficient cause to sustain a motion for summary judgment if a genuine dispute exists between the parties as to a material issue of fact. Landry, supra.

Louisiana Parol Evidence Rule
In support of its motion for summary judgment, the plaintiff furnished an affidavit by James L. Whitman, Jr., a vice president of People's Homestead. This affidavit attested to the plaintiff's status as holder of the note executed by the defendant, the defendant's failure to pay, and the unsuccessful making of amicable demand upon the defendant. In the attached memorandum, the plaintiff asserted that the note was executed to consolidate the defendant's various debts and that no money was given to the defendant upon the execution of the note. Thus, the plaintiff argued, no consideration was granted in conjunction with the new note because it had previously been provided at the time of the making of the original loans and the execution of the original notes. However, we observe that these facts are not attested to in Mr. Whitman's affidavit.
In opposition to the motion for summary judgment, the defendant filed an affidavit in which he stated that the only reason he signed the note for all of his alleged indebtedness (and gave the plaintiff a check for $5,000), was to ensure that his sons would receive crop financing from the plaintiff for the 1987 farming year. Mr. Laing, Sr., further stated that within an hour of the signing of the note, the plaintiff refused to make the crop loan. He also stated that the plaintiff's refusal directly affected his sons' ability to timely plant their crops and to pay property rentals to him, which, in turn, affected his ability to make the payment due on December 31, 1987.
The defendant has thus raised the issue of failure of consideration on the note because his sons were denied a crop loan. Consideration granted to another amounts to consideration to a maker. Progressive State Bank & Trust Company, Inc. v. Stutts, 516 So.2d 1207 (La.App. 2d Cir. 1987).
The affidavit of the plaintiff's vice president fails to address the issue of consideration. Thus, it does not resolve this important factual issue.
*275 The plaintiff argues that even if the defendant's allegations are accepted as true, parol evidence establishing these facts would be inadmissible. If evidence submitted by a party opposing summary judgment is inadmissible as a matter of law, it cannot deprive the party moving for summary judgment of its right to summary judgment. First National Bank of Jefferson Parish v. Campo, 537 So.2d 268 (La. App. 4th Cir.1988), writ denied 538 So.2d 578 (La.1989).
Parol evidence is not allowed in a suit on a guaranty contract. Whitney National Bank of New Orleans v. Badalamenti, 499 So.2d 1267 (La.App. 4th Cir.1986); Whitney National Bank v. Palermo, 505 So.2d 95 (La.App. 4th Cir.1987). Nor is it admissible to show a prior or contemporaneous agreement varying the manner of payment specified on the face of the instrument. Cowley Corporation v. Shreveport Packing Company, Inc. of Kansas, 440 So.2d 1345 (La.App. 2d Cir.1983), writ denied 444 So.2d 122 (La.1984).
However, parol evidence is admissible in a suit on a promissory note to establish failure of consideration between the parties to the promissory note.[1] See Fly v. Hand, 376 So.2d 1016 (La.App. 1st Cir. 1979); Whitney National Bank v. Palermo, supra. The suit before us is on the note executed by Mr. Laing, Sr., in favor of the bank, an immediate party to the instrument.
The payee who produces the note sued upon makes out a prima facie case and will be given the presumption that the instrument was given for value received unless the maker casts doubt upon the reality of the consideration. Once the maker casts doubt upon the consideration, the ultimate burden shifts to the payee to prove consideration by a preponderance of the evidence. Graves v. Porterfield, 555 So.2d 595 (La.App. 1st Cir.1989). Furthermore, the mere existence of an antecedent indebtedness does not conclusively establish that the execution of the note was intended, as between the parties, solely as an acknowledgement of that debt or payment or security therefor. Rather, it is the intention of the parties which determines the purpose for which the note was given. Graves, supra.
The defendant in the present case has cast doubt upon the plaintiff's assertion that the note was given purely on account of an antecedent obligation. He has asserted that the consideration for the execution of the note sued upon was not only his antecedent obligation to the bank. Rather, the defendant contends that the consideration for the execution of the note was the bank's promise to extend credit and make crop loans to the defendant's sons. This contention is not refuted by the bank.
Consequently, the defendant, who has raised the unresolved factual issue of failure of consideration, may present parol evidence on this issue. The record demonstrates that there are disputed issues of material facts related to this issue which are sufficient to defeat summary judgment. *276 Therefore, the trial court's action in granting summary judgment must be reversed.

Federal D'Oench Doctrine
On appeal, the substituted plaintiff also contends that the federal D'Oench doctrine prevents the defendant from raising lack or failure of consideration. As mentioned previously, the Resolution Trust Corporation was named receiver of the original plaintiff, People's Homestead Federal Bank for Savings. The D'Oench doctrine, which developed from the case of D'Oench, Duhme & Co. v. Federal Deposit Insurance Corporation, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), and its progeny, prevents such defenses as lack or failure of consideration by estopping the debtor from asserting in a suit on a note any "secret" separate agreements between the lender and the borrower which contradict the written terms of the loan documentation. The purpose of this doctrine is to allow reliance upon the records and documentation of a federal financial institution. [For a thorough discussion of the federal D'Oench doctrine and its codification, see Grant v. Federal Land Bank of Jackson, 559 So.2d 148 (La.App. 2d Cir.1990), writs denied 563 So.2d 886, 887 (La.1990)].
However, the motion for summary judgment before us on appeal was tried and adjudicated before the original plaintiff was placed into receivership. We are bound by the evidence that was in the record at the time the trial court ruled on the motion for summary judgment. Blount v. Exxon Corporation, 395 So.2d 355 (La.App. 1st Cir.1981); Gulf South Bank & Trust Company v. Marsh Buggies, Inc., 470 So.2d 257 (La.App. 4th Cir. 1985); Hearty v. Harris, 559 So.2d 884 (La. App. 4th Cir.1990). The subsequent substitution of a new party and its assertion of a new and totally different legal basis in support of its position may substantially alter this case. However, as a reviewing court, we are constrained to examine only that which was before the trial court at the time it granted the plaintiff's motion for summary judgment. Under the circumstances presented in this case, a new issue, such as the D'Oench doctrine, may not be raised for the first time on appeal. It may well be that in a subsequent motion for summary judgment based upon the D'Oench doctrine, the substituted plaintiff may prevail. Nonetheless, at this juncture, we decline to rule upon how the introduction of the D'Oench doctrine will ultimately affect the outcome of this case.

CONCLUSION
Based on the foregoing, we find that there were disputed issues of material fact which prohibited summary judgment. Therefore, the judgment of the trial court granting summary judgment in favor of the plaintiff is reversed, and the matter is remanded for further proceedings. Costs of this appeal are assessed against the plaintiff.
REVERSED AND REMANDED.
NOTES
[1] The plaintiff argues that LSA-C.C. Art. 1848 does not permit such parol evidence. However, there is, as mentioned in the body of this opinion, a jurisprudentially created exception which allows the admission of parol evidence to establish failure of consideration in a suit on a promissory note between the parties to the instrument. This rule arose in the jurisprudence as an exception to former Article 2276, the source of the present Article 1848. Article 1848 provides:

Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement. [Emphasis ours]
Failure of consideration as an exception to the parol evidence rule is not mentioned in this code article. However, the lack of codification of that exception should not be viewed as a legislative rejection of it or other exceptions not listed in the new article. In the Expose Des Motifs of the Projet of Title III and IV of Book III of the Civil Code of Louisiana, the Introductory Note from the Reporter of the Obligations Committee of the Louisiana Law Institute states that the exceptions listed in the new article were presented "merely as examples of instances in which the court may allow the introduction of parol evidence." (Emphasis ours)