581 So.2d 333 (1991)
PAT S. TODD OIL COMPANY, INC., Plaintiff-Appellee,
v.
Terry J. WALL, et al., Defendants-Appellants.
No. 89-1307.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1991.
Writ Denied September 27, 1991.
*334 C.R. Whitehead III, Natchitoches, James A. Watson, Lake Charles, for plaintiff-appellee.
Skipper M. Drost, Sulphur, for defendants-appellants.
Before STOKER, DOUCET and KING, JJ.
KING, Judge.
The issues presented by this appeal are whether the trial judge correctly found that a continuing guaranty was enforceable, and whether the trial judge correctly held that parol evidence concerning the intent in making the continuing guaranty was sufficient to reform the continuing guaranty.
Pat S. Todd Oil Company, Inc. (hereinafter plaintiff) filed suit on a promissory note and a continuing guaranty against Terry J. Wall, Carla Leslie Wall, the Anthony J. Palermo Trust (hereinafter the Palermo Trust), Joseph R. Palermo, Jr., Jackie Manuel Palermo (hereinafter the Palermos), Anthony J. Palermo, Sr., and Save-Time, Inc. (hereinafter Save-Time) as the result of a default on a loan made by plaintiff to Save-Time in the amount of $31,082.17.
A promissory note, dated September 24, 1986, in the principal sum of $31,082.17, and payable ninety (90) days after date, together with 10.5% interest per annum from date, until paid, and 25% attorney's fees of all sums owed (hereinafter the note) was given by Save-Time to Pat S. Todd, Sr. and signed by Terry J. Wall, individually and as agent of Save-Time, and by Joseph R. Palermo, Jr. and Anthony J. Palermo, Sr., to evidence the loan. Prior to the execution of the note, Terry J. Wall, Carla Leslie Wall, Joseph R. Palermo, Jr., Jackie Manuel Palermo, and the Palermo Trust had given plaintiff a written continuing guaranty, dated July 28, 1983 (hereinafter the continuing guaranty), that guaranteed any debt of Save-Time to plaintiff up to the sum of $50,000.00.
Terry J. Wall, Carla Leslie Wall, and Save-Time filed voluntary bankruptcy petitions pursuant to Chapter 7 of the United States Bankruptcy Code and the suit was stayed as to these defendants.
A trial was held on October 26, 1988 as to the Palermos and the Palermo Trust and at the conclusion of the trial, the matter was taken under advisement. On August 22, 1989, the trial judge rendered written reasons for judgment granting judgment in favor of Joseph R. Palermo, Sr. and Anthony J. Palermo, Sr. and against plaintiff on the cause of action relating to the note. Judgment was also rendered on the cause of action on the continuing guaranty in favor of plaintiff and against Joseph R. Palermo, Jr., Jackie Manuel Palermo, and the Palermo Trust, jointly and in solido, in the full sum of $31,082.17, plus interest at 10.5% per annum from September 24, 1986, until paid, and attorney's fees of 25% of the principal and interest due, plus all costs of the proceedings. A formal judgment was signed on September 27, 1989. Joseph R. Palermo, Jr., Jackie Manuel Palermo and the Palermo Trust appeal. We affirm.

FACTS
Terry J. Wall, Carla Leslie Wall, Joseph R. Palermo, Jr., Jackie Manuel Palermo, and the Palermo Trust executed a written continuing guaranty to plaintiff, dated July 28, 1983, that guaranteed all debts of Save-Time, Inc. owed to plaintiff up to the sum of $50,000.00 plus interest, attorney's fees, and costs.
On September 23, 1986, plaintiff loaned Save-Time, Inc. $31,082.17. The loan was made as part of a bulk sales transaction. Plaintiff, at that time, was purchasing all of the convenience store assets of Save-Time in the Natchitoches, Louisiana area, pursuant to the Louisiana Bulk Sales Act. The total amount of debts due to the creditors of Save-Time for these particular assets substantially exceeded the funds available from the purchase price to pay the debts of the Save-Time creditors. In order to complete the purchase, plaintiff loaned to Save-Time, by issuing its company a *335 check on September 23, 1986, the sum necessary to complete the transaction and pay all creditors. The loan was evidenced by a promissory note made payable to Pat S. Todd, Sr. dated September 24, 1986, in the sum of $31,092.17, and payable ninety (90) days after date, together with 10.5% interest per annum from date, until paid, and 25% attorney's fees on all sums owed, and was signed by Terry J. Wall, individually and as agent of Save-Time, and by Joseph R. Palermo, Jr. and Anthony J. Palermo, Sr.
Save-Time was unable to pay the note when due and plaintiff filed suit on the note and the continuing guaranty. Terry J. Wall, Carla Leslie Wall, and Save-Time filed voluntary bankruptcy petitions pursuant to Chapter 7 of the United States Bankruptcy Code and the suit was stayed as to these defendants. The remaining defendants denied any liability to plaintiff under either the note or the continuing guaranty.
Joseph R. Palermo, Jr. and Anthony J. Palermo, Sr. contended that they had only signed the note as officers of the corporate maker of the note, Save-Time, rather than as personal makers of the note and that, for this reason, they were not personally liable on the note. Joseph R. Palermo, Jr., Jackie Manuel Palermo, and the Palermo Trust contended that the continuing guaranty they gave to plaintiff was only given to secure the purchase of gasoline on open account by Save-Time from plaintiff, rather than to secure loans of money, and that, for this reason, they were not personally liable on the continuing guaranty for the loan of money from plaintiff to Save-Time.
A trial was held on October 26, 1988, and at the conclusion of the trial the matter was taken under advisement. On August 22, 1989, the trial judge rendered written reasons for judgment. Judgment was rendered against plaintiff and in favor of Joseph R. Palermo, Jr., and Anthony J. Palermo, Sr. on the cause of action relating to the note. The trial judge found that the Palermos had only signed the note in a representative capacity for Save-Time and were not personally liable on the note to plaintiff. Judgment was also rendered on the cause of action on the continuing guaranty in favor of plaintiff and against Joseph R. Palermo, Jr., Jackie Manuel Palermo, and the Palermo Trust, jointly and in solido, for the full sum of $31,082.17, plus interest at 10.5% per annum from September 24, 1986, until paid, and attorney's fees of 25% of the principal and interest due, plus all costs of the proceedings. A formal judgment was signed on September 27, 1989. Joseph R. Palermo, Jr., Jackie Manuel Palermo, and the Palermo Trust appeal contending that the trial court erred in finding that the continuing guaranty was enforceable and in failing to find that the parol evidence concerning their intent in giving the continuing guaranty to be sufficient to reform the continuing guaranty. We affirm.

LAW
The Palermos and the Palermo Trust contend that the trial court erred in finding that the continuing guaranty was enforceable and in failing to find that the parol evidence given at trial was sufficient to prove that the continuing guaranty agreement did not accurately reflect the agreement and intent of the parties and to reform the continuing guaranty.
The Palermos and the Palermo Trust claim that they only executed the continuing guaranty on July 28, 1983 to serve as security in connection with the purchases of gasoline by Save-Time from plaintiff and not for any actual cash advances or loans to Save-Time. The Palermos and the Palermo Trust further argue that the parol evidence introduced at trial was sufficient to prove that their intent in signing the continuing guaranty was only to provide a security device to plaintiff to induce plaintiff to sell gasoline on credit to Save-Time up to the amount of $50,000.00 and that the continuing guaranty should have been reformed to set forth the agreement mutually intended by the parties.
A contract of guaranty is a contract of suretyship. The terms are interchangeable. First National Bank of Crowley v. Green Garden, 387 So.2d 1070 (La.1980); *336 Commercial Nat. Bank v. Keene, 561 So.2d 813 (La.App. 2 Cir.1990).
La.C.C. Art. 3035 read at the time of the making of the continuing guaranty:

"Suretyship is an accessory promise by which a person binds himself for another already bound, and agrees with the creditor to satisfy the obligation, if the debtor does not."
La.C.C. Arts. 2276 and 2278, which were in effect at the time of the making of the continuing guaranty, provided that parol evidence shall not be received to prove any promise to pay the debt of a third person or to negate or vary the terms of an act under private signature. Parol evidence is not allowed in a suit on a guaranty contract. People's Homestead Federal Bank v. Laing, 569 So.2d 271 (La.App. 2 Cir.1990); Whitney Nat. Bank v. Palermo, 505 So.2d 95 (La.App. 4 Cir.1987); Whitney Nat. Bank of New Orleans v. Badalamenti, 499 So.2d 1267 (La.App. 4 Cir.1986). Nor is parol evidence admissible to show a prior or contemporaneous agreement to alter the terms of the continuing guaranty. Whitney Nat. Bank v. Palermo, supra; Cf. Di Cristina v. Weiser, 215 La. 1115, 42 So.2d 868 (1949); Prestigiacomo v. Phoenix Insurance Co. of Hartford, 231 So.2d 431 (La.App. 4 Cir.1970); Miller v. Housing Authority of New Orleans, 175 So.2d 326 (La.App. 4 Cir.1965), modified on other grounds, 249 La. 623, 190 So.2d 75 (1966).
The law is well settled that a continuing guaranty remains in full force until revoked by the guarantor, expressly or impliedly, or its effectiveness is extinguished in some other mode recognized by law. Bonura v. Christiana Bros. Poultry Co. of Gretna, 336 So.2d 881 (La.App. 4 Cir. 1976), writ den., 339 So.2d 11, 26 (La.1976).
The continuing guaranty in the present case is clear and unambiguous. It binds Terry J. Wall, Carla Leslie Wall, Joseph R. Palermo, Jr., Jackie Manuel Palermo, and the Palermo Trust for any past, present, or future indebtedness owed to the plaintiff by Save-Time. The Palermos and the Palermo Trust sought to prove by parol evidence that the contract of guaranty, as reduced to writing, did not correctly set forth the agreement mutually intended by the parties. The Palermos and the Palermo Trust argue that the parol evidence showed that the continuing guaranty was only to guarantee the repayment of any sums due plaintiff for gasoline purchases by Save-Time and that, for this reason, the continuing guaranty should have been reformed to correctly reflect the agreement and intent of the parties. As such, the Palermos and the Palermo Trust argue that the strict construction and parol evidence rule are inapplicable, citing First State Bank & Trust Co. v. Seven Gables, 501 So.2d 280 (La.App. 1 Cir.1986), writ den., 502 So.2d 103 (La.1987), and cases cited therein.
The primary criteria for the reformation of an instrument by parol evidence is that there must be clear proof of the antecedent agreement as well as an error in committing it to writing. The error or mistake must be mutual, and the burden is on the one seeking reformation to prove the error alleged by clear and convincing evidence. First State Bank & Trust Co. v. Seven Gables, supra.
In the present case, the trial judge found that the Palermos did not prove by clear and convincing evidence that there was a prior agreement limiting the continuing guaranty to only secure gasoline purchases by Save-Time from plaintiff and that there was an error in committing the continuing guaranty to writing. The trial judge noted that the plaintiff denied that any such agreement existed while the Palermos assert that there was such an agreement. The Palermos and the Palermo Trust were uncertain if their intent was made known to plaintiff before they executed the continuing guaranty. The trial court obviously found the testimony of Mr. Todd, President of the plaintiff company, and the circumstances of the giving of the continuing guaranty more convincing than the testimony about the intent of the Palermos. For this reason, the trial court held there could be no reformation of the continuing guaranty, based on the parol evidence, and found the Palermos to be personally liable *337 on the continuing guaranty to plaintiff for its loan to Save-Time.
We do not find, based on this evidence and determination of credibility, that the trial court committed manifest error or was clearly wrong. Therefore, we affirm the trial court judgment finding that the continuing guaranty was enforceable and that the parol evidence was not sufficient proof of mutual mistake and error in committing the continuing guaranty to writing to reform the continuing guaranty agreement.
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to defendants-appellants.
AFFIRMED.