GULOTTA, Judge.
The sole issue presented in this appeal- is factual, i. e., whether defendant Bullock paid the balance due on two promissory notes executed by him in favor of plain *101 tiff, Universal Furniture House, Inc. The trial judge found that payment had been made by defendant and dismissed plaintiff’s suit. Plaintiff appeals. We affirm.
Plaintiff instituted this action to recover the principal sum of $906.59 which it alleges is the unpaid balance on the two notes executed by defendant for the purchase of various items of merchandise. Plaintiff admits that defendant paid $225.-24 on his account but alleges the balance of $906.59 remained unpaid.
Defendant sets up payment as an affirmative defense. His testimony is that on August 12, 1969 he entered plaintiff’s store and paid the entire balance (a sum in excess of $900.00). To substantiate his testimony in this regard, defendant introduced a photostatic copy of his payment book, which has been stamped “paid”.
Plaintiff does not deny the authenticity of the stamp; however, it insists that the payment book was stamped in error. Plaintiff introduced two notes bearing defendant’s signature which were in its possession and which had not been canceled.
Brenda Yeager, cashier in plaintiff’s store, testified that the usual procedure in taking payment would be as follows: When the customer announces his .intention of paying, the cashier takes the customer’s payment book and the account card to the collection manager so that he can determine if the customer is entitled to a rebate. The account card and payment book are. run through a machine which shows the amount paid, the rebate (if any) and the resulting balance. After payment, the payment book is then stamped “paid”, and the stamp is initialed by the cashier.
Plaintiff points out several facts which he asserts shows that payment was not made. First, neither the payment book nor the account card were run through the machine which would have entered a zero balance. Second, the stamp was not initialed by the cashier. Finally, plaintiff asserts that had defendant paid on August 12, 1969, he would have been entitled to a rebate in the amount of $77.00; he would not have paid the entire balance of $906.59, as he testified.
Mr. Villar, plaintiff’s collection manager, stated that if defendant had paid in cash and the cash had been properly “rung up” in the cash register, the cash register tape for August 12, 1969 would have reflected a payment on that 'day in the amount of $906.59 or possibly $829.15 (the approximate rebate testified to is $77.00; the exact rebate amounts to $77.44). The tapes entered in evidence did not reveal a payment in either amount. Furthermore, there was no overage for that date, and there would have been had the cashier inadvertently failed to “ring up” the payment on the register. Mr. Villar also stated that an examination did not reveal an inadvertent credit to someone else’s account on the day in question for the amount in dispute.
This area of the law is quite ’clear. Payment is an affirmative defense. The burden of proof, therefore, rests upon the party asserting payment. Preferred Investment Corporation v. Denson, 251 So.2d 455 (La.App. 1st Cir.1971). Thus, defendant in the instant case has the burden of proving that payment was made.
Needless to say, the evidence in this case is contradictory. However, we note that the discrepancies result exclusively from the bookkeeping procedures and records of the plaintiff, matters which it alone controlled. Defendant’s testimony was unequivocal. He stated that he borrowed $5,000.00 from the Greyhound Credit Union and paid not only the plaintiff but also Kirschman and Commericial Security, his other creditors. He further produced a payment book that was stamped “paid”.[1] Plaintiff’s own collection manager acknowledged that the *102 stamp was authentic. The contradictions in this case arise between the plaintiffs business records and the stamp which it admittedly placed upon the payment books, i.e., matters relating to its payment procedure.
In this case, as in all cases including factual disputes, the trial judge’s findings are entitled to great weight, particularly, when his findings involve the credibility of witnesses. We are, therefore, bound to give great weight to the decision' of the trial judge in this matter. Of particular importance is the statement of the trial judge at the conclusion of the trial; he stated that he took defendant at his word that he, Bullock, had paid the money.
The record supports the factual conclusion of the trial judge. We find no manifest error. The judgment is affirmed.
Affirmed.

. The original of the payment book had been lost and a photocopy was introduced into evidence. Mr. Gemeinhardt (the plaintiff’s original attorney) testified that the photocopy was made by him from the lost original.