YELVERTON, Judge.
This is a suit on a promissory note. The defendant-maker, James T. Adkins, has appealed from a judgment in favor of the *. plaintiff-holder, George Bailey, for the sum of $3,400 with legal interest and attorney’s fees. At trial defendant denied any indebtedness, pleading the defense of payment.
The sole issue raised by appellant is whether the trial court erred in finding the note due and unpaid.
The note was originally given in part payment of a used 1977 Cadillac purchased by James T. Adkins from Minnette Smith for $4,000. He paid her $600 cash and gave her a promissory note for $3,400. The note was dated June 9, 1980 and was payable on demand to the order of Minnette Smith. It was signed by James T. Adkins. In late 1981 Mrs. Smith endorsed the note in blank and delivered it to the plaintiff, George Bailey.
On November 13, 1981, Bailey sent a demand letter by certified mail to the defendant seeking payment in full within ten days. The defendant failed to pay and suit followed.
In his answer to the suit the defendant pleaded the affirmative defenses of both novation and payment. Plaintiff’s counsel demanded that defendant elect between these inconsistent defenses. The defendant chose the affirmative defense of payment and the case went to trial.
Defendant testified that payment was made in the form of services. He explained that Mrs. Smith had a fire at her camp and she was having difficulty filling out the necessary insurance forms. He said she contacted him for help, offering that if he compiled an inventory of her camp contents and handled the insurance claim, in exchange for this help she would consider the note paid. According to defendant, he agreed to this proposition and successfully completed her claim. Mrs. Smith eventually received insurance proceeds of $30,000 for her fire loss.
Eugene Scott, Jr., an insurance agent, confirmed that defendant assisted Mrs. Smith in making claim for the fire loss.
Defendant admitted that he never thereafter brought up the subject of getting the note back from Mrs. Smith.
*212 The deposition of Minnette Smith contradicted the testimony of the defendant. She denied that she ever asked defendant for help. She denied any agreement to discharge the note. She further testified that the defendant never paid the note and she subsequently endorsed it in blank to the plaintiff for $3,400 cash.
(Mrs. Smith’s reason for selling the instrument to another may have been to avoid the personal embarrassment of making demand on Adkins: she had dated him for a while and they were still friends.)
The trial court found that the preponderance of the evidence failed to support the defense of payment. The court was not convinced any services rendered by defendant to Mrs. Smith were given in payment of the note. We find no error in this factual determination.
Defendant, having pled payment of the note, had the burden of proving the fact of payment. Civ. Code art. 2232; Loewer v. Vanderhider, 336 So.2d 1011 (La.App. 3rd Cir.1976), writ denied, 339 So.2d 850 (La.1976); Roy v. Griffith, 277 So.2d 747 (La.App. 4th Cir.1973), writ denied, 281 So.2d 744 (La.1973).
Considering the testimony by Mrs. Smith that payment was never made on the note, together with the circumstance that the defendant never sought the return of the note after the alleged payment, the trial court was justified in concluding that the defendant did not sustain his burden of proving payment.
For these reasons the judgment appealed from is affirmed at appellant’s costs.
AFFIRMED.