488 So.2d 1327 (1986)
Linda Landry LANEAUX, Plaintiff-Appellant,
v.
Robert THERIOT, et ux., Defendants-Appellees.
No. 85-534.
Court of Appeal of Louisiana, Third Circuit.
May 14, 1986.
*1328 Charles E. Bonnett, Breaux Bridge, for plaintiff-appellant.
Edmond L. Guidry, III, St. Martinville, for defendants-appellees.
Before DOUCET, LABORDE and BOND[*], JJ.
DOUCET, Judge.
This appeal arises from an action to rescind a sale of real property for lesion beyond moeity.
The plaintiff inherited the property at issue from her grandmother. In May 1981, she borrowed $45,000.00 from Farmers-Merchants Bank & Trust Company in Breaux Bridge and granted a mortgage on the property. She made only three payments on the loan. In May 1982 she contacted her aunt, Mabel Landry Hulin, and offered to sell her the property so that it would not be lost at a Sheriff's sale. Mrs. Hulin was not interested but contacted her daughter and son-in-law, Anna Lee Hulin and Robert Theriot. They offered to buy the property for the amount owed to the bank. Ms. Laneaux agreed.
An act of sale transferring the property to Mr. & Mrs. Theriot for a purchase price of $49,559.20 was prepared and executed on June 4, 1982. It was later discovered that the property description of a portion of the property intended to be conveyed was left out of the act of sale. The error was explained to Mrs. Laneaux and an act of correction was executed in December 1982.
*1329 On December 2, 1983 the plaintiff filed a "Petition for Rescission of Sale of Immovable Property on Account of Lesion Beyond Moiety". The petition alleged that the property had been sold for less than one-half the value at the time of sale.
At trial the plaintiff attempted to present evidence that she had been fraudulently coerced into signing the act of sale and act of correction by promises to return portions of the property at a later date. The trial judge disallowed any testimony with regard to fraud because it was not properly pleaded in the petition. After a trial on the merits, the trial judge found that the plaintiff had failed to prove lesion beyond moiety. Judgment was rendered in favor of defendant. The plaintiff moved for a new trial. The motion was denied. The plaintiff appeals both the judgment in the trial on the merits and the denial of a new trial.

FRAUD
The plaintiff contends that the trial court erred in not allowing or considering evidence of fraud in its adjudication of this matter. The only allegations in the plaintiff's original petition which could be construed as charges of fraud are as follows:

VII.
"Petitioner, unaware of any additional transfer of property because of her reliance on the good faith of her aunt and cousins, defendants herein, signed this purported Act on a Sunday morning following a Saturday night celebration, while half asleep and hungover, being without Counsel and having to rely only on the false representation and assurances of her close relatives, defendants in this action."

VIII.
Petitioner has only a minimum education and is unfamiliar with complicated business and legal transactions of this nature, and did not fully comprehend the nature of the "Act of Correction" which she, relying on false representations of those close to her, signed on their assurances. Petitioner also avers that she was in financial and emotional necessitous circumstances at the time of this purported "Act of Correction", and that this also clouded her judgment and ability to deliberate.

IX.
Petitioner further avers that despite the fact that the "Act of Correction" recites on its face that it was passed before a Notary Public, that this is also untrue and a misrepresentation; "that she did not sign this instrument before a Notary Public and that both the Notorial [sic] seal and signature of the Notary Public were added sometime later."
La.C.C.P. art. 856 provides that:
"In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity. Malice, intent, knowledge, and other condition of mind of a person may be alleged generally."
This court in Rozas v. Evangeline Parish Police Jury, 214 So.2d 398 (La.App. 3rd Cir.1968) writ denied 252 La. 1018, 215 So.2d 646 (1968) held that:
"... In determining whether a cause of action has been pleaded, the court may disregard as mere conclusions of the pleader a petition's general charges of fraud if they are unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute same. Loeb v. Badalamenti, La. App. 4 Cir., 192 So.2d 246."
While the plaintiff in this case avers in her petition to "false representations and assurances", there is no indication of the content or nature of those representations. As a result, these charges of fraud are far too general and conclusory in nature to fulfill the particularity required by La.C. C.P. art. 856. Accordingly, we find that the trial judge was correct in concluding that fraud was not pleaded with sufficient particularity and, therefore, in excluding all evidence of fraud.

*1330 LESION
The plaintiff argues that the trial court was incorrect in finding that the price paid was not less than one-half the value of the property conveyed. The plaintiff alleges that the price stated in the act of sale was for only the property described in the act of sale. It is her contention that the act of correction was a separate transaction for which no consideration was given. We find no basis for this contention in the record.
The act of correction ties itself into the original act of sale by reference and amends the original act to include both the 1.69 acre area mentioned in the original sale and the 24.95 acre tract "for the same consideration originally recited". The document is in authentic form signed by the plaintiff, all the defendants, witnessed and notarized. It is clear from the face of the document that it constitutes an amendment of the property description in the original act of sale, not a separate sale of property.
The plaintiff's own expert witness, the only witness as to the value of the property, testified that both pieces of property were worth a total of $96,000.00. The purchase price was $49,559.00, an amount in excess of one-half of the total value of the property. Therefore, the plaintiff did not establish lesion beyond moiety. La.C.C. art. 2589.

NEW TRIAL
The plaintiff argues that the trial court erred in denying her motion to open the record for New Evidence and New Testimony and, in the alternative, for new trial because of plaintiff's new evidence with regard to fraud and lesion.
La.C.C.P. art. 1972 provides in pertinent part, that a new trial must be granted:
"(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial."
It may also be granted at the discretion of the trial judge in any case where there is good ground for it. La.C.C.P. art. 1973.
The record reveals that plaintiff had no new evidence which could not have been introduced at trial, had the plaintiff exercised due diligence.
The plaintiff's additional witness as to fraud, Mr. Earnest Babineaux, was known to the plaintiff at the time of trial but was not served with a subpoena. Although the trial judge excluded all evidence of fraud because of failure to properly plead, the plaintiff was granted extra time to obtain and offer a deposition of Mr. Babineaux under an offer of proof. Plaintiff, however, failed to take advantage of the opportunity.
The plaintiff, on her motion for new trial, also argued that she had discovered new evidence in that the defendants listed the property for sale at $6,800.00 per acre, as well as in that the court had failed to consider the income value of the property. The plaintiff could easily have extracted testimony as to the income value of the property from her own expert witness at trial. Therefore, this is not new testimony so as to mandate a new trial under La.C. C.P. art. 1972. With regard to the price at which the property was listed for sale by the defendants, there is no indication that this asking price reflects real value or a price at which the property could be sold. Further, for purposes of ascertaining whether lesion has occurred, the value of the property must be estimated according to the state in which it was and the value it had at the time of sale. La.C.C. art. 2590. There is nothing in the record to indicate that the price at which the property was listed for sale at a later date has any relevance to the value of the property at the time of sale. Therefore, the trial court did not abuse its discretion in denying the plaintiff's motion.

FRIVOLOUS APPEAL
The defendants, in their answer to this appeal, ask for damages and attorney's *1331 fees as a result of what they consider a frivolous appeal on the part of the plaintiff. This court, in Bellard v. Safeway Insurance Co., 442 So.2d 1314 (La.App. 3rd Cir. 1983) set out a standard for imposition of damages for frivolous appeal.
"Appeals are favored in our law. We are reluctant to impose the penal provisions of LSA-C.C.P. Art. 2164 which provide for the award of damages for frivolous appeal. Such damages will be awarded only when it manifestly appears that the appeal was taken solely for the purpose of delay or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks serious merit. Goad v. May, 376 So.2d 340 (La.App. 3rd Cir. 1979)."
In light of this standard, we cannot say that an award of damages and attorney's fees for frivolous appeal are clearly due here.
For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed against the Plaintiff-Appellant.
AFFIRMED.
NOTES
[*] Honorable W. Ellis Bond, Judge of the Fourteenth Judicial District Court, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.