499 So.2d 1267 (1986)
WHITNEY NATIONAL BANK OF NEW ORLEANS
v.
Joseph A. BADALAMENTI.
No. CA-5591.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
*1268 Herschel L. Haag, III, Joseph S. Schwertz, Jr., New Orleans, for plaintiff-appellee Whitney Nat. Bank of New Orleans.
Eric A. Holden, Patricia A. Garcia, New Orleans, for defendant-appellant Joseph A. Badalamenti, et al.
Before KLEES, WARD and WILLIAMS, JJ.
KLEES, Judge.
Defendant Joseph Badalamenti appeals the granting of a partial summary judgment in favor of plaintiff, the Whitney National Bank of New Orleans. The judgment holds defendant liable to Whitney in the amount of $250,000.00 (plus stipulated interest and attorney's fees) resulting from defendant's written guaranty of debts owed Whitney by a corporation known as Westbank Sand, Inc. On appeal, defendant claims that the district court erred in finding that there was no genuine issue for trial. After reviewing the evidence presented, we find that the district court was correct in granting partial summary judgment.
On April 16, 1982, the defendant signed a written contract which provides, in pertinent part:
In Consideration of the Whitney Bank of New Orleans, at my request, giving or extending terms of credit from time to time, one or more times, or having given or extended terms of credit to ___ Westbank Sand, Inc. ___ hereinafter called debtor, I hereby give this continuing guaranty to the said Whitney National Bank of New Orleans, its transferees or assigns, for the payment in full, of any indebtedness or liability direct or contingent, of said debtor to said Whitney National Bank of New Orleans; the extent of my obligation however being limited to the amount of ___ One Hundred Seventy-Five Thousand and 00/100 ___ DOLLARS, plus all interest, fees and charges, of whatsoever nature and kind owed by the debtor to said Bank, whether due or to become due and whether now existing or hereafter arising, and I hereby bind and obligate myself, my heirs and assigns, in solido with said debtor, for payment of any such indebtedness or liability precisely as if the same had been contracted and was due or owing by me in person....
Beginning on that date and continuing through July 16, 1982, Whitney loaned to Westbank an aggregate of $175,000, represented by six promissory notes. An additional $30,000, evidenced by a seventh note, was advanced on August 9, 1982. On September 10, 1982, defendant executed a second contract identical to the first one in all respects except that the amount guaranteed was raised to $250,000. Whitney then advanced another $45,000, bringing the total amount owed by Westbank to $250,000, none of which has been paid.
In March of 1983, after Westbank defaulted, Whitney brought suit against defendant *1269 Badalamenti for $250,000 plus interest, attorney's fees and costs. After discovering that just before the institution of suit, defendant and his wife had gratuitously donated all of their real property and certain movable property to their children, Whitney amended its petition to include the children as defendants and to add a revocatory action. Later, upon learning that defendant's children had conveyed his former property to a newly formed corporation, Whitney amended the petition again, naming the corporation as a defendant and adding a cause of action in simulation.
After limited discovery, Whitney filed a motion for partial summary judgment against defendant Badalamenti based on the promissory notes and continuing guaranties. Whitney's motion was supported by the affidavit of a bank officer. In opposition to the motion, the defendant put forth his own affidavit, in which he claimed that the guaranty contracts were ineffective because: (1) At the time he signed the second guaranty, he had an oral agreement with Whitney that $30,000 of the money loaned under the second contract would be used to pay off one of the outstanding notes covered by the first guaranty, which was never done; and (2) At the time he signed the second guaranty, he was not aware that an additional $30,000 (over and above the limit of the first guaranty) had been loaned to Westbank on August 9, 1982.
A hearing was held on the motion, after which the court determined that neither of defendant's contentions raised a genuine issue of material fact such as is required to defeat summary judgment. In his appeal brief, defendant again relies on the facts set forth in his affidavit to argue that the guaranty contracts are void due to a failure of consideration. Upon review, we find that defendant's factual assertions, even if proved true, would not be sufficient to invalidate the written guaranties he signed.
Article 966 of the Code of Civil Procedure states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." When a motion for summary judgment is made and is supported by affidavit, the burden is on the adverse party to set forth, by means of affidavit or otherwise, specific facts admissible in evidence which demonstrate that there is a genuine issue for trial. La.Code Civ.Pro. art. 967; Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3rd Cir.1985).
In his affidavit, defendant first asserts that he had an oral agreement with the bank officers at the time he signed the second guaranty that part of the money advanced would be used to pay off one of the existing promissory notes, which was never done. Such an agreement, even if it existed, would not defeat the written guaranty signed by defendant. When a written contract is clear and unambiguous, as in this case, testimonial evidence may not be admitted to negate or vary its terms. La. Civ.Code arts. 1848, 2046. Although there are recognized exceptions to this rule, a contemporaneous oral agreement or understanding between the parties that is not made part of the written contract does not qualify as such an exception. The Supreme Court specifically rejected this contention in Ferrell v. South Central Bell Tel. Co., 403 So.2d 698 (La.1981). In that case, the Court held that the plaintiff, who had signed a written contract by which he unconditionally guarantied payment to South Central Bell of all telecommunications charges made by a named company, was obliged to pay the telephone company the full amount owed, despite his contention that his liability should be limited to $300 because his written guaranty had been given in lieu of a $300 deposit and a telephone company employee had told him that his liability would be so limited. The Court refused to allow the alleged oral agreement to vary the express and unambiguous terms of the guaranty. Id. at 700-701. Similarly, we find that testimonial *1270 proof of the agreement that plaintiff allegedly had with Whitney concerning the use of the new funds would be inadmissible in view of the clear terms of the contract. See also: Gifford-Hill & Co., Inc. v. Graves Construction, Inc., 316 So.2d 502 (La.App. 2nd Cir.1975); Hardware Wholesalers, Inc. v. Guilbeau, 473 So.2d 108 (La.App. 3rd Cir.1985).
Defendant's second contention, that at the time he signed the second guaranty he had no knowledge of the $30,000 loan made on August 9, 1982, is also insufficient to call into question the written guaranty contract. Defendant's knowledge of the specific loans made is irrelevant to the validity of the guaranty. In the contract, defendant does not promise to pay only the debts of which he has knowledge, but rather binds himself to pay all debts "of whatsoever nature and kind owed by the debtor to said Bank, whether due or to become due and whether now existing or hereafter arising...." Moreover, the contract states that defendant is thereby making himself a party to any notes incurred by Westbank "waiving all notice and pleas of discussion and division." Thus, the fact that defendant was unaware of one of the loans does not negate his liability for the amount stipulated in the guaranty. Neither is defendant's liability affected by the fact that the August 9th loan pushed the total amount owed over the $175,000 limit of the first guaranty. Each contract explicitly states that the guarantor agrees to remain bound up to the full amount of the guaranty, even if the debtor's total indebtedness to the bank should from time to time or at any time exceed that amount. Because the contract contemplates both a loan of which the guarantor has no knowledge and a loan that exceeds the amount guarantied, defendant's complaints about the August 9th loan to Westbank do not cast any doubt upon the validity of the guaranty.
In his brief, defendant contends that the same facts which he asserts in his affidavit create an issue as to whether or not there was consideration for the second guaranty. This contention is without merit. The contract itself states that the guaranty is given "In Consideration of the [Whitney], at my request, giving or extending terms of credit, from time to time ... or having given or extended terms of credit to Westbank Sand, Inc....." Whether or not he requested the August 9th advance, defendant does not dispute that the bank did on many occasions, both before and after the execution of the second guaranty, loan money to Westbank at his request. These loans constitute more than adequate consideration for the guaranty.
Accordingly, we find that defendant has failed to show that there is any genuine issue for trial and therefore affirm the partial summary judgment in favor of plaintiff granted by the district court.
AFFIRMED.