514 So.2d 281 (1987)
FIRST FINANCIAL BANK, FSB
v.
Charles Edward AUSTIN, Jr., et al.
No. 87-CA-248.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1987.
Writ Denied December 11, 1987.
Alvin A. LeBlanc, Jr., Kenner, for plaintiff/appellant, First Financial Bank, FSB.
Leon C. Vial, III, Julie M. Burke, Hahnville, for defendant/appellee, Raymond LeDoux.
Before BOWES, GRISBAUM and GOTHARD, JJ.
BOWES, Judge.
Plaintiff, First Financial Bank, FSB, (hereinafter FFB) appeals an adverse judgment in favor of the defendant Raymond LeDoux (LeDoux), dismissing FFB's action against LeDoux, as guarantor on a loan, *282 for the outstanding balance due. We disagree and reverse.
FFB made a loan to Charles Austin, Jr. (Austin), LeDoux's son-in-law, in the amount of $25,000 plus interest. The loan was evidenced by a promissory note (filed into the record) which note was secured by a collateral chattel mortgage on a truck and trailer owned by Austin, and by the continuing guaranty of LeDoux up to the amount of the loan ($25,000). When Austin defaulted on the loan, FFB filed suit against both him and LeDoux. The truck and trailer were seized and sold pursuant to the action. Austin filed bankruptcy proceedings and consequently is no longer a party to the lawsuit. FFB, thereafter, continued to proceed against LeDoux, as guarantor.
In his answer and at trial, LeDoux maintained that he agreed to guarantee the loan for a period of six months only, and not for the full term of 48 months stated on the note. The instrument itself makes no such limitation, but is a standard, printed form, agreement signed by LeDoux in which he continually guarantees Austin's indebtedness to FFB for the specified amount. The note and the guaranty were both executed on November 8, 1983. However, LeDoux testified that the loan officer, Steve Akin, had agreed beforehand that the guaranty which LeDoux would ultimately sign would limit LeDoux's obligation to the six month period (LeDoux admitted that he did not read the guaranty before signing).
Following trial, the district judge rendered judgment in favor of LeDoux, concluding in written reasons that LeDoux's "uncontradicted" testimony about the six-month limitation, which was admitted by her as parol evidence to vary a written instrument as an exception to the parol evidence rule, was sufficient proof of the misrepresentation alleged by LeDoux to nullify the continuing guaranty. She also concluded that the failure of the bank to call Mr. Akin, the former bank officer who handled the loan, as a witness, raised a presumption against the bank that Akin's testimony would have been unfavorable to the bank.
On appeal, FFB urges that it was error for the trial court to admit and/or consider parol evidence to attempt to prove fraud or misrepresentation in the present case. On this issue, we find that the trial court was correct in admitting and considering LeDoux's testimony under the facts of this case. LSA C.C. Art. 1848 permits such evidence to prove a vice of consent. C.C. Art. 1948 lists fraud as a vice of consent, and C.C. Art. 1953 discusses fraud resulting from misrepresentation. Additionally, our jurisprudence holds such parol evidence admissible under these circumstances:
As to the admission of parol evidence, we find that the trial judge was correct in allowing the defendant to testify on the alleged misrepresentations; however, we disagree with his conclusions from the testimony. Where misrepresentations or fraud are alleged as in the case before us parol evidence is admissible to establish whether or not such allegations are true.....
Parol evidence is also admissible to determine whether a written contract accurately represents a mutual agreement. The court in Valhi, Inc. v. Zapata Corp., 365 So.2d 867 (La.App. 4th Cir.1978), said at 870:
"... Parol evidence is not offered to vary the terms of the written instrument but to show that the writing does not express the true intent or agreement of the parties." Thieneman v. Kahn, 433 So.2d 761 (La.App. 5 Cir.1983).
The Third Circuit has stated and we agree:
"It is settled that parole [sic] evidence is admissible for the purpose of establishing that an agreement is subject to annulment because of lack of consent due to misrepresentation and error." Nugent v. Stanley, 336 So.2d 1058 (La.App. 3 Cir.1976).
However, while LeDoux's testimony was admissible for the purpose of attempting to establish that the guaranty is subject to annulment because of alleged misrepresentation, it does not, in and of itself, constitute a preponderance of the evidence. The present case is one in which the plaintiff *283 FFB proved the existence of its claim against LeDoux, through documentary evidence, as well as some testimony. Clearly, LeDoux's allegations of fraud or misrepresentation are an affirmative defense to FFB's cause of action. La. C.C.P. Art. 1005. We agree with the Second Circuit in their holding in First National Bank v. Higgs, 406 So.2d 673 (La.App. 2 Cir.1981), that an affirmative defense is one which will have the effect of defeating the suit on its merits.
The party relying on an affirmative defense bears the burden of proving it," citing Ray v. Martin, 117 So.2d 839 (La. App.Orl.1960).
The party alleging a vice of consent bears the burden of proving it. Campesi v. Margaret Plantation, 417 So.2d 1265 (La.App. 1 Cir.1982).
Accordingly, we find that the bank proved a prima facie case of the debt and the unlimited guaranty by LeDoux. After that, the burden of proof shifted to LeDoux to prove that Steve Akin, the loan officer, materially misrepresented the terms of the contract, so as to vitiate his (LeDoux's) consent. LeDoux and Akin were the only persons who could have testified relative to their conversations.
The trial court, in its reasons for judgment, stated that it did not appear that the bank made any effort to have Akin (now a resident of Texas and no longer employed by FFB) appear for trial, and that its failure to explain his non-appearance "requires a conclusion that his testimony would have been unfavorable to their cause." However, we note that, at trial, it was LeDoux who testified that he had contacted Akin in Houston, Texas, and even spoke with him, while Mike Paternostro, an FFB representative, testified that FFB tried and failed to locate Akin. Thus we find that the presumption of unfavorable testimony must be drawn against LeDoux, who was able to contact Akin but elected not to produce him at trial, and not the bank who tried but failed to locate him. Since the bank proved the existence and validity of its claim, it is clear that testimony of Akin was relevant, not for the bank's claim, but to prove defendant LeDoux's defense of misrepresentation. It was not FFB's burden to prove that the documents did not represent the "understanding" between Akin and LeDoux. To conclude otherwise was manifest error on the part of the trial judge.
In evaluating the evidence, the trier of fact should accept as true the uncontradicted testimony of a witness, even though the witness is a party, where the record indicates no sound reason for its rejection. Robertson v. Scanio Produce, 449 So.2d 459 (La.1984). However, in this case, we find the failure to produce Akin under the circumstances, and drawing the inference of testimony adverse to the defendant LeDoux, is sound reason to reject LeDoux's testimony on this point. Failure to so find in this instance would permit the defendant in these circumstances to create his own "controlled climate" in which failure to call a key witness who can allegedly verify his defense, whose whereabouts he has admittedly ascertained (and who is therefore apparently accessible to him) but who has not been shown to be accessible to the plaintiff FFB results in defendant's testimony being evaluated as "uncontradicted."[1]
We find, therefore, that LeDoux did not carry his burden of proof by a preponderance of the evidence, to prove his alleged affirmative defense that misrepresentations made by Akin vitiated his consent to the contract. Consequently, the guaranty of the loan as introduced into evidence, without a six month limitation, is valid and binding upon LeDoux.
Finally, we note that Louisiana's law regarding an obligation on a document which the defendant failed to read bolsters our ultimate determination that LeDoux is liable on the guaranty:
Louisiana courts have clearly stated that the failure to read a document before signing it is negligence and "[s]uch negligence will bar relief for the error ... It is always negligence not to read a document before signing it when one is able to ..." Hoff, 53 Tulane Law Review *284 329 at 369 (1978). As was stated in St. Landry Loan Company v. Avie, 147 So.2d 725 (La.App. 3 Cir.1962).

Guaranty Bank and Trust Co. v. Jones, 489 So.2d 368 (La.App. 5 Cir.1986)
For the foregoing reasons, the judgment of the trial court is reversed, and judgment rendered in favor of plaintiff in the principal amount of $19,864.64, plus accrued interest in the amount of $480.06 through June 11, 1985, plus additional interest at the rate of 15% per annum on the outstanding balance until paid, plus attorney's fees in the amount of 25% of principal and interest due until paid, plus any other fees and interest shown to be due, all subject to a credit of $2,800 received from the sheriff's sale on April 16, 1986, and any other credits established by the evidence.
All costs of this appeal are to be paid by the defendant.
REVERSED AND RENDERED.
NOTES
[1] It should be re-emphasized that here defendant had the burden of proof.