537 So.2d 268 (1988)
FIRST NATIONAL BANK OF JEFFERSON PARISH
v.
Anthony J. CAMPO, et al.
No. 88-CA-0762.
Court of Appeal of Louisiana, Fourth Circuit.
December 13, 1988.
Writ Denied February 17, 1989.
*269 Russell J. Nunez, Jr., Nunez & Nunez, New Orleans, for plaintiff-appellee.
Carl W. Cleveland, Scott G. Vincent, Cleveland, Barrios, Kingsdorf & Casteix, New Orleans, for defendant-appellant.
Before GARRISON, BARRY and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant, Anthony J. Campo, appeals summary judgment in favor of plaintiff, First National Bank of Jefferson Parish (FNJ). The judgment arose out of a continuing guaranty signed by Mr. Campo in favor of FNJ for $50,000.00. The sole issue on appeal is whether parol evidence is admissible to preclude summary judgment.
The trial court held that the parties are bound by the contents of the contract and ruled in favor of plaintiff, citing LSA-C.C. art. 1983 ("Contracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law"). On appeal, Campo contends the district court erred in finding there was no genuine issue of material fact and in limiting interpretation of the contract to the four corners of the document. After reviewing the evidence and the law applicable to this case, we find that the district court was correct in granting summary judgment for plaintiff.
On January 6, 1982, Campo signed a "Continuing Guaranty" which provides in pertinent part:
In Consideration of the First National Bank of Jefferson Parish, at my request, giving or extending terms of credit to Delta Flooring, Inc., hereinafter called debtor, I hereby give this continuing guaranty to the said First National Bank of Jefferson Prish, Gretna, La., ... for the payment in full ... of any indebtedness... of said debtor to said First National Bank of Jefferson Parish up to the amount of Fifty Thousand and no/100 ($50,000.00)  Dollars Dollars, whether due or to become due, now existing or hereafter arising.

* * *
It is expressly agreed that this continuing guaranty is absolute and complete, and that acceptance and notice of acceptance thereof by the Bank are therefore unnecessary and they are hereby expressly waived, and the same shall continue in force until written notice of its discontinuance shall be served upon one of the executive officers of said Bank, but such discontinuance shall not affect my liability or any debts and/or obligations of the debtor then existing nor the liability of any other party liable ...
*270 On March 27, 1986, Delta Flooring, Inc., executed a promissory note in favor of FNJ in the amount of $67,507.58, payable in monthly installments with the balance due on March 26, 1987. This note was secured by the continuing guaranties of Campo and Peter Plaia, another defendant in FNJ's suit. Also on March 27, 1986, Plaia signed a continuing guaranty in favor of FNJ in the amount of $67,507.58.
On February 19, 1987, after default of Delta Flooring, FNJ filed suit against both Campo and Plaia in the amount of $57,532.73, plus interest and attorney fees.[1] In his answer, defendant Campo raised the affirmative defense of fraud, alleging specifically that FNJ failed to return Campo's continuing guaranty, as per their agreement, after receiving the promised collateral from Plaia. Campo also raised the defense of lack of consideration.
On October 28, 1987, FNJ filed a Motion for Summary Judgment against Campo on the basis of the promissory note and continuing guaranty. Plaintiff's motion was supported by an affidavit of FNJ's Assistant Vice-President. In opposition, both Campo and Plaia stated in separate affidavits that: 1) Campo received no consideration from FNJ or from Plaia; 2) All parties to the January 6, 1982 guaranty understood the guaranty was temporary and to be cancelled upon Plaia's furnishing of adequate security to FNJ; 3) that Plaia subsequently provided adequate collateral, and Campo's guaranty was cancelled and his obligation under the guaranty ceased to exist.
Upon review, we find the trial court's granting of summary judgment was proper.
A party is entitled to summary judgment where the pleadings, depositions, answers to interrogatories and admissions, together with affidavits, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing there is a genuine issue for trial. LSA-C.C.P. art. 967. Furthermore, if the evidence submitted by the adverse party is inadmissible as a matter of law, it cannot deprive the mover of its right to summary judgment. Whitney National Bank v. Palermo, 505 So.2d 95 (La.App. 4th Cir.1987).
In his first assignment of error, Campo asserts that the written terms of the continuing guaranty do not represent the true intent of the parties. Generally, when the terms of a contract are clear and unambiguous, testimonial or other evidence may not be admitted to vary or negate its terms. LSA-C.C. arts. 1848, 2046. While Campo acknowledges this rule, he maintains that testimonial evidence is admissible in this case because the written guaranty was modified by the oral understanding of the parties at the time of contracting.
We disagree. In Whitney National Bank v. Palermo, supra, this court held that a contract of guaranty is equivalent to a contract of suretyship, which must be in writing. Because the contract itself must be in writing, it cannot be altered by parol evidence. We stated, "It would be inconsistent to allow a contract which must be in writing to be subject to alteration on the basis of oral statements made between the parties prior to the signing of the contract." Id. at 98. That result, we noted, was consistent with the result we reached in another suit on a continuing guaranty, Whitney National Bank v. Badalamenti, 499 So.2d 1267 (La.App. 4th Cir.1986). In Badalamenti, we held that even if defendant-guarantor had an oral agreement with the bank at the time he signed the continuing guaranty, the written guaranty would not be defeated. Contemporaneous oral agreements or understandings between parties which are not made part of the written contract do not qualify as an exception *271 to the parol evidence rule. Cf. Federal Deposit Insurance Corp. v. Cardinal Oil Well Servicing Co., Inc., 837 F.2d 1369 (5th Cir.1988) [Applying Texas and New Mexico law to a case involving the FDIC, the court held that the unambiguous language of a continuing guaranty was controlling and refused to consider extraneous evidence of the parties' intent]. In the instant case, the continuing guaranty signed by Campo is clear and unambiguous. It states that it is a "continuing guaranty" for payment of any indebtedness up to $50,000.00, "whether due or to become due, now existing or hereafter arising." It further states that it "... is absolute and complete," to "continue in force until written notice of its discontinuance shall be served upon one of the executive officers of said Bank." The record shows that Mr. Campo did not cancel the guaranty with FNJ. Mr. Campo must be held bound by the terms of this contract. Any agreement or understanding between the parties not made part of the written document is inadmissible and cannot vary the clear terms of the contract signed by Campo.
In his second assignment of error, Campo asserts that an exception to the parol evidence rule is warranted by his affirmative defense of fraud. Campo raises this defense in his answer, where he alleges: "The failure of First National Bank of Jefferson Parish to return the Fifty Thousand and No/100 ($50,000.00) Dollar continuing guaranty of Anthony J. Campo after receiving the promised collateral from Peter A. Plaia was an oversight, and if not an oversight, was fraudulent." Then in his brief, Campo asserts generally that "the guaranty, on its face, did not state that it was executed under fraudulent and erroneous circumstances, that it did not represent the true intent of the parties...." Campo's assertion that his allegations of fraud present an exception to the parol evidence rule is without merit.
It is not enough for Campo to simply assert fraud. In pleading the special defense of fraud, circumstances constituting such fraud must be alleged with particularity. LSA-C.C.P. arts. 856, 1005; Laneaux v. Theriot, 488 So.2d 1327 (La. App. 3d Cir.1986); Dunham v. Anderson-Dunham, Inc., 466 So.2d 1317 (La.App. 1st Cir.1985); First Federal Savings & Loan Assn v. National Old Line Insurance Co., 254 So.2d 497 (La.App. 3d Cir.1971); Loeb v. Badalamenti, 192 So.2d 246 (La.App. 4th Cir.1966). We find that Campo's general assertions of fraud do not satisfy this requirement.
This case is distinguishable from the case cited by appellant, Coushatta v. Patrick, 503 So.2d 1061 (La.App. 2d Cir.1987). In Coushatta, the guarantor alleged particularly that the bank committed fraud by adding the name of a second borrower to the continuing guaranty without the guarantor's consent. The court admitted parol evidence, then found no fraud on the part of the bank. In the instant case, Campo alleges no particular misrepresentation or artifice by FNJ.
Further, we find that the specific facts which Campo does allege, even if proved true, do not constitute fraud. Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. LSA-C.C. art. 1953. Though Campo characterizes his defense as fraud, he simply asserts FNJ's failure to act according to an oral agreement which was not made part of the written contract. For reasons outlined above, this defense is unavailable in this suit on a written contract of continuing guaranty.
Additionally, without alleging specific misrepresentations, appellant alludes in his brief to "lack of consent due to misrepresentations." We note that the record shows that any error on Campo's part as to what he was signing was due to the fact that he simply failed to read the document before signing. In his deposition submitted into evidence at the hearing, Campo stated that he did not even look at the document. Campo's negligence in failing to read the document before signing bars his recovery for the error. Guaranty Bank & Trust Co. v. Jones, 489 So.2d 368 *272 (La.App. 5th Cir.1986); First Financial Bank, FSB v. Austin, 514 So.2d 281 (La. App. 5th Cir.1987).
Also in his second assignment of error, Campo attempts to invoke an exception to the parol evidence rule by pleading lack of consideration. This contention is without merit.
As quoted above, the continuing guaranty explicitly states: "In Consideration of the First National Bank of Jefferson Parish, at my request, giving or extending terms of credit to Delta Flooring, Inc. ... I hereby give this continuing guaranty to the First National Bank of Jefferson Parish...." Defendant does not dispute that FNJ extended credit to Delta at his request. Such a loan constitutes adequate consideration. Whitney National Bank v. Badalamenti, supra.
Finally, Campo attempts to invoke an exception to the parol evidence rule by stating in his brief that evidence of a subsequent agreement altering the terms of a contract is admissible. However, Campo alleged no specific facts either in opposition to summary judgment, as required by LSA-C.C.P. art. 967, or in his appellant brief to support his assertion that a subsequent agreement was made. Rather, Campo continually argues that it was the intent and understanding of all parties at the time of execution of the contract that the continuing guaranty was temporary in nature. Defendant's unspecified and unsubstantiated assertion of a subsequent agreement is without merit.
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Default judgment was entered against defendant Plaia on April 9, 1987, and he is no longer a party to this suit.