538 So.2d 1060 (1989)
MERCHANTS TRUST & SAVINGS BANK
v.
DON'S INTERNATIONAL, INC., et al.
No. 88-CA-1146.
Court of Appeal of Louisiana, Fourth Circuit.
January 30, 1989.
Peter S. Thriffiley, Favret, Favret, Demarest & Russo, New Orleans, for Merchants Trust & Sav. Bank.
Herman C. Hoffmann, Jr., Daria L. Burgess, Hurley and Hoffmann, New Orleans, for Don's Intern., Inc., et al.
Before BYRNES, LOBRANO and WARD, JJ.
WARD, Judge.
Merchants Trust and Savings Bank appeals a $23,345 judgment against the defendants which was for less than one-half of the amount Merchants claimed to be due. By its only assignment of error, Merchants argues the Trial Court erred in its finding that defendants satisfied the terms of an oral agreement whereby Merchants promised to waive interest on a loan if the principal was paid. We affirm the ruling of the Trial Court.
Merchants Trust and Savings Bank sued the defendants for $64,359.88, representing the balance and interest due on $509,075 loaned to Don's International in 1985. The Loan was secured by a ship mortgage and the continuing guarantees of Don's Seafood, Inc. and Dominique C. Schwab, also made party defendants to the suit. Answering the suit, Schwab claimed the only amount owed was $23,345 in principal because he had an oral interest waiver agreement with Merchants. Because the resolution of the suit against Dominique Schwab was determinative of the liability of the corporate defendants, the defendants interest *1061 will be described only as those of Dominique C. Schwab.
Testimony revealed that at Merchants' request, Schwab arranged to refinance the loan through the Bank of St. Charles. During the loan refinancing closing, the Bank of St. Charles discovered a lien of approximately $23,345 against the vessel offered by Schwab to the Bank of St. Charles as collateral for the loan. Consequently, there was a "dry closing" in which no money exchanged hands. Approximately one week later, Merchants received a partial loan payoff of $485,730.00 because the Bank of St. Charles required an escrow of the lien amount, pending Schwab's discharge of the disputed lien. Of the partial payoff amount, Merchants applied $447,103.07 to principal and $38,626.93 to interest, leaving a balance of $64,359.88.
At trial, Merchants introduced into evidence the original $509,075 promissory note and continuing guarantees. Bill Young, Merchant's legal officer, admitted that Merchants verbally agreed to waive interest on the Schwab loan but said this was only if the refinancing proceeded "with no hitches, no complications [and] no hangups...." Young testified that Merchants' receipt of only partial payment breached the waiver agreement. While Young of merchants Bank conceded he had no discussions with the Bank of St. Charles about waiver of interest, he steadfastly maintained he advised Schwab of Merchants' position both prior and subsequent to the refinancing. Young testified he telephoned Schwab after the closing of the loan with the Bank of St. Charles and told him Merchants would not waive the interest because of the escrowed funds.
Conversely, Schwab denied that Merchants conveyed to him any conditions to the waiver agreement or that Young ever told him after the closing that Merchants would not waive the interest. He testified Merchants only told him that if he refinanced the loan, interest would be waived. Schwab also testified that Merchants' refused his pre-litigation tender of $23,345 as full payment of the loan.
Schwab offered the testimony of Bruce Falkenstein and Henry Friloux, Bank of St. Charles officers. Each testified that neither through correspondence nor through conversations with Young was there ever any indication that the refinanced amount was insufficient to satisfy the Merchants' loan, or that if payment was not received by a certain date interest would be due. Rather, they testified, over a two month period Merchants on several occassions informed them that the pay off balance was $509,075. Moreover, Falkenstein testified that the Bank of St. Charles decided to postpone the refinancing until resolution of the lien question, but Mr. Young of Merchants proposed the escrow arrangement and accepted partial payment, all without indicating that Schwab's account would not be completely satisfied upon eventual tender of the escrowed amount.
In a suit for the collection of a promissory note, the plaintiff's production of the note sued upon makes his case. Once the note is introduced into evidence, the burden of proof shifts to the defendant to establish the nonexistence, extinquishment or variance in payment of the obligation. Citizens Bank and Trust v. Consolidated Terminal Warehouse, Inc., 460 So.2d 663 (La.App. 1st Cir.1984), DiRosa v. Bosworth, 225 So.2d 42 (La.App. 4th Cir. 1969).
The Trial court decided the issue of credibility in favor of Mr. Schwab and against Mr. Young and held that Schwab carried his burden of proof. We agree. The refinancing of the loan entitled him to a waiver of interest. Schwab fulfilled his part of the agreement by substantial performance; Merchants breached the agreement by refusing to waive interest. The Trial Court's finding of fact and judgment are supported by the record and in the absence of manifest error, we will not disturb that finding. Arceneaux v. Dominigue, 365 So.2d 1330 (La.1978).
Merchants notes error in the judgment regarding Schwab's name. Because of conflicting allegations in pleadings, and discrepancies between documentary evidence supporting the debt, we are unable to resolve *1062 the matter. Consequently, this matter is remanded to the Trial Court for clarification and correction of defendant Schwab's name if the parties cannot resolve the question. In all other respects, the judgment of the lower court is affirmed; all costs of the appeal are assessed to Merchants Trust and Savings Bank.
AFFIRMED AND REMANDED.