JjGOTHARD, Judge.
In this suit on a note, plaintiff appeals a trial court judgment which found in favor of the defendant and dismissed plaintiff's demand at its costs. For the following reasons, we affirm.
It is undisputed that plaintiff, Landry & Turner, Inc. Mobile Home Sales, through its agent, Dr. Turner[1], and defendant, Henry LeBoyd, Jr.[2], entered into an agreement on July 29,1983. The only question for the trial court was the nature of that agreement.
Plaintiff alleged that on July 29, 1983, Dr. Turner loaned Mr. LeBoyd $5,000.00[3], and in return was granted a promissory note, executed by Mr. LeBoyd, in the amount of $5,856.00 (representing the principal amount and 16% annual interest to be paid in twenty-four monthly installments of $244.00)[4]. To prove its allegations, at the trial on the merits plaintiff called Mr. LeBoyd, who testified that he did sign the note, albeit “in | ¿ilank”, Ms. Brenda Prejean, who typed the terms of the promissory note on the date in question, and Ms. Robin Turner Guillot, the daughter of Dr. Turner who now runs the business[5] and who testified that no payments have been made on the note.
To rebut plaintiffs assertions, the defense called Mr. LeBoyd, who testified that the $5,000.00 “loan” was never considered a loan by the parties — it was given to Mr. Leboyd as an advancement for Mr. LeBoyd to begin a business venture he and Dr. Turner had agreed to embark upon. Mr. LeBoyd further testified that Dr. Turner requested that he execute the promissory note as an afterthought and only so that Dr. Turner could write off the $5,000.00 expense as a bad debt; that none of the terms of the note were listed *452 when he signed it (i.e., he signed a “blank note”); that the terms of the note were listed •without his authorization; that demand on the note was not made until February 14, 1985, when the suit was filed; and that the word “loan” written on the $5,000.00 check was not there when he cashed it.
Ms. Prejean testified that the form of the note signed by Mr. LeBoyd was regularly used by Dr. Turner in his business dealings, that it was not unusual for individuals to sign a blank promissory note form and for her to type in the terms later, and that Mr. LeBoyd had probably signed the note prior to her typing the terms of the note on it. On cross examination, Ms. Guillot admitted that she had never before met Mr. LeBoyd and did not know the nature of the July 29, 1983 agreement between her father and Mr. Le-Boyd.
On appeal, plaintiff argues that it met its burden of proof by introducing the promissory note and having Mr. LeBoyd admit it was his signature on the note. Plaintiff further argues that since a person is presumed to have knowledge of the contents of a document he is signing, Mr. LeBoyd is liable for the note.
| ⅞As plaintiff correctly points out, once the holder of a promissory note produces the note and proves the maker’s signature, or the maker admits it, the holder has made out a prima facie case of the maker’s liability on the note. See, Premier Bank v. Percomex, 615 So.2d 41, 43 (La.App. 3 Cir. 1993) and Merchants Trust v. Don’s International, Inc., 538 So.2d 1060, 1061 (La.App. 4 Cir.1989), and the cases cited therein. However, a prima facie showing is not the equivalent of proving a case by a preponderance of the evidence, and the maker can disprove liability by establishing “the nonexistence, extinguishment or variance in payment of the obligation.” Merchants Trust, 538 So.2d at 1061.
At trial, it was the uncontradicted testimony of Mr. LeBoyd that the promissory note was a nullity — that it was not meant to represent any contractual obligation, but was executed for a possible tax write-off only. While the plaintiff presented a prima facie case by introducing the note, plaintiff was unable to offer anything more than the existence of the note, and Mr. LeBoyd effectively refuted any liability on the note by his testimony, which put both cause and consent for the obligation into serious doubt[6].
It is apparent from its judgment that the trial court found Mr. LeBoyd to be a credible witness. A court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993). After a thorough review of the record, we find that the trial court’s judgment was not manifestly erroneous. Accordingly, the judgment of the trial court is hereby affirmed. All costs of this appeal are cast against appellant.
AFFIRMED.

. Dr. Turner’s first name is not revealed in the record.

. While Mr. LeBoyd's wife, Glenda, was named as a defendant in the original petition, she was dismissed as a party at the conclusion of trial without objection.

. The record contains a copy of the check, drawn on a Landiy & Turner Mobile Homes, Inc. account and signed by Dr. Turner, in the amount of $5,000.00, and payable to the order of Mr. Le-Boyd.

. A copy of the promissory note was also entered into the record.

. From the testimony in the record, Dr. Turner died some time after the July 29, 1983 transaction date and well before the date of trial.

. See LSA-C.C. articles 1967 and 1927 respectively.