| t McKAY, Judge.
This case involves a claim for breach of contract.[1] After a bench trial, judgment was entered in favor of the plaintiff. We Affirm.
FACTS AND PROCEDURAL HISTORY
Appellee, Traffic Scan Network, Inc., and appellant, Traffic Camera Reports, Inc., were each engaged in the business of providing traffic reports to radio stations in and around New Orleans. In exchange for these traffic reports, the radio stations provided the parties with blocks of broadcast time, which they in turn sold to advertisers.
In the latter part of 1990, negotiations took place between the principals of Traffic Scan and the principals of Traffic Camera whereby Traffic Camera sought to acquire the assets of Traffic Scan. At the time of these negotiations, Traffic Scan had contractual rights to provide traffic reports to fourteen New Orleans area radio stations, including WWL (the most valued station). The negotiations culminated in the execution of an asset purchase agreement on December 20, 1990. |?The agreement had an effective date of January 17, 1991, and provided for a purchase price of $700,000.00, which consisted of $200,000.00 cash down and $500,000.00 in the form of a promissory note. However, paragraph 3.2 provided for a reduction of purchase price:
In the event that any Station Agreement involving stations, WEZB, WQUE, WWL, or WLMG, are canceled, or substantially modified to the detriment of the Buyer, through no fault of the Buyer, within two (2) years from closing, then the Purchase Price shall be reduced by $100.000.00 and the remaining payments for 1993 and 1994 shall be reduced to $100,000.00 each year and not $150,000.00 as provided in Paragraph 3.1.
Around November 4, 1991, WWL sent a letter to Traffic Camera advising that its contract would be terminated effective February 8, 1992 (the date on which WWL’s existing contract expired). Several days prior to February 8, 1992, the defendants sent a letter to the plaintiff notifying the plaintiff that the WWL contract had been “canceled” and therefore the defendants did not have to pay the full amount of the promissory note. The plain *559 tiff disputed this point of view and contended that the WWL contract had not been canceled but had merely expired according to its terms. Accordingly the plaintiff filed suit for amounts owed under the asset purchase agreement.
After a trial on the merits, the trial court awarded principal damages of $125,-000.00, plus contractual interest on the principal amount pursuant to the terms of the promissory note and contractual attorney’s fees calculated at 25% of the total amount awarded.[2] The defendants filed a motion for a new trial which was denied and the instant appeal ensued.
^DISCUSSION
At issue in this appeal is whether the trial court erred in concluding that Traffic Camera had breached the asset purchase agreement, thus entitling Traffic Scan to judgment and the consequent recovery of damages embodied in the judgment of the court, and in denying appellants’ motion for a new trial, and whether the trial court erred in awarding attorney’s fees as provided for under the contract.
We are instructed that before a factfinder’s verdict may be reversed, we must find from the record that a reasonable factual basis does not exist for the verdict, and that the record establishes the verdict is manifestly wrong. Lewis v. State through Dept. of Transp. and Development, 94-2370 (La.4/21/95), 654 So.2d 311, 314; Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993). Although we accord deference to the factfinder, we are cognizant of our constitutional duty to review facts[3], not merely to decide if we, as a reviewing court, would have found the facts differently, but to determine whether the trial court’s verdict was manifestly erroneous, clearly wrong based on the evidence, or clearly without evidentiary support. Am-brose v. New Orleans Police Department Ambulance Service, 93-3099 (La.7/5/94), 639 So.2d 216, 221; Ferrell v. Fireman’s Fund Ins. Co., 94-1252 (La.2/20/95), 650 So.2d 742, 745.
We do not believe the trial court erred in finding that the contract between Traffic Camera and WWL was not canceled. The Louisiana Supreme Court has explained that “[t]o ‘cancel’ a contract is to set aside an unperformed agreement 14and to relieve one or both parties from the responsibility of executing the contract.” IT Corporation v. Commission on Ethics for Public Employees, 464 So.2d 284, 290 (La.1985). In the instant case, the existing contract with WWL expired on February 8, 1992, and WWL chose not to renew the contract. Although the WWL contract expired within two years of the execution of the asset purchase agreement, its expiration cannot be deemed to be a cancellation or substantial modification because it merely expired according to its own terms. Therefore, the asset purchase agreement should be enforced. Accordingly, we must now examine how the promissory note is to be treated.
In a suit for the collection of a promissory note, the mover’s production of the note sued upon satisfies its burden of proof and sufficiently establishes a prima facie case. The burden of proof then shifts to the adverse party, and the adverse party has the burden of proving nonexistence or extinguishment of the obligation. Merchants Trust & Savings Bank v. Don’s International, 538 So.2d 1060 (La. App. 4 Cir.1989). In the instant case, the appellee produced the note sued upon and the burden shifted to the appellants. Under Louisiana law, the maker of a promissory note “and/or its guarantor” will bear the burden of proving that the note was *560 paid once the note is introduced into evidence. Bailey v. Adkins, 433 So.2d 211 (La.App. 3 Cir.1983); American National Bank of Cheyenne, Wyoming v. Gamble, 324 So.2d 16, 19 (La. 2 Cir.1975); Universal Furniture House, Inc. v. Bullock, 288 So.2d 100, 101 (La.App. 4 Cir.1974); Roy v. Griffith, 277 So.2d 747, 748 (La.App. 4 Cir.1973), writ denied 281 So.2d 744 (La.1973). The appellants are unable to do this. They freely admit that they believed they were entitled to a reduction pursuant to section 3.2 of the asset purchase agreement and that they reduced the payments due. As we have already mentioned, the trial court found |sthat the WWL contract had not been canceled. Accordingly, the trial court found that the amounts reflected to in the promissory note were due. After a careful review of the record, we find no error on the part of the trial court.
The appellants also contend the trial court erred in its award of attorney’s fees. The trial court awarded attorney’s fees of 25% of the recovery, which amounted to $50,951.02. The trial court based its award of 25% of the recovery on the fact that this was the amount provided for in the promissory note.[4] Under Louisiana law, attorney’s fees are awarded only when authorized by statute or when provided for as stipulated damages in a contract. La. C.C. art. 2000. A trial court’s award of attorney’s fees should only be reduced if they are unreasonable or clearly excessive. Teche Bank & Trust Company v. Willis, 93-732 (La.App. 3 Cir. 2/2/94) 631 So.2d 644. In the instant case, the appellee was able to show that had attorney’s fees for the actual time spent working on the case been assessed the amount would have been substantially higher than the 25% of the recovery awarded by the trial court. When this is coupled with the fact that the appellants drafted the promissory note, the trial court’s award of attorney’s fees was neither unreasonable nor clearly excessive. Accordingly, the trial court did it err in its award of attorney’s fees.
CONCLUSION
Based on the foregoing reasons, we find that the trial court did not err in concluding that Traffic Camera had breached the asset purchase agreement, thus entitling Traffic Scan to judgment and the consequent recovery of damages, | (¡interest, and attorney’s fees. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.

. Other claims were dismissed by the trial court. Those claims are not at issue here. A related case was dismissed by the United States District Court for the Eastern District of Louisiana and affirmed by the United States Fifth Circuit Court of Appeals.

. Due to the manner in which defendants failed to pay the $100,000.00, the total principal amount owed was $125,000.00 (principal and contractual interest through the term of the note).

. See, LSA-Const. Art 5, section 10(B).

. Both the promissory note and the asset purchase agreement were drafted by the appellants.