J^DOUCET, Chief Judge.
The Defendants, Alfred and Rose Reason, appeal the judgment of the trial court finding them liable for payment under consumer guaranty agreements and ordering them to pay $5,000.00 each to the Plaintiff, The Cottonport Bank (the Bank).
In March 1990, the Reasons each signed a “Consumer Guaranty” agreement in the amount of $5,000.00, for the benefit of their son, Brent Reason.
*1237 In April 2000, the Bank filed this suit to collect on the continuing guaranties, alleging that it was entitled to collect on the guaranties because of Brent Reasons failure to pay as required by a promissory note he executed in October 1999. The court denied the Defendants’ exception of prescription.
After a trial on the merits, the court granted judgment in favor of the Bank and against the Reasons in the amount of $5,000.00 each plus attorney’s fees of $700.00 each and court costs. The Reasons appeal.
PRESCRIPTION
The Defendants first assert that the trial court erred in denying their exception of prescription. Noting that a suretyship depends on the principal obligation for its validity, they assert that the principal obligation secured by the guaranties was the loan taken by their son to buy his trailer and lot, which was extinguished in May 1991. Since that obligation was extinguished more than five years before this suit was filed, they argue that the guaranties have prescribed pursuant to La.Civ. Code art. 3498.
“A contract of guaranty is a contract of suretyship. The terms are interchangeable.” Pat S. Todd Oil Co., Inc. v. Wall, 581 So.2d 333, 335 (La.App. 3 Cir.), writ denied, 585 So.2d 569 (La.1991). Principal obligation for purposes of surety-ship is defined in La. Civ. Code art. 3036, as follows: “Suretyship may be ^established for any lawful obligation, which, with respect to the suretyship, is the principal obligation.”
Had the Defendants’ contracts of guaranty been tied to a particular obligation, this argument might be meritorious. However, the contracts entered by the Defendants contained the following language.
CONTINUING GUARANTY: I UNDERSTAND AND AGREE THAT THIS IS A “CONTINUING GUARANTY” UNDER WHICH I AM GUARANTEEING THE PROMPT AND PUNCTUAL PAYMENT AND SATISFACTION OF BORROWER’S PRESENT AND FUTURE INDEBTEDNESS IN FAVOR OF LENDER. I FURTHER UNDERSTAND AND AGREE THAT THE CONTINUING NATURE OF MY OBLIGATIONS AND LIABILITY UNDER THIS AGREEMENT WILL REMAIN IN FULL FORCE AND EFFECT UNTIL SUCH TIME AS LENDER AGREES TO CANCEL THIS AGREEMENT AS PROVIDED BELOW.
DEFINITIONS: The following words have the following meaning when used in this agreement:
[[Image here]]
Indebtedness. The word “indebtedness” means individually, collectively and interchangeably any and all present and future loans, extensions of credit, and other obligations and liabilities of every nature and kind that borrower may now and in the future owe to or incur in favor of Lender, whether direct or indirect or by way of assignment, and whether absolute or contingent, voluntary or involuntary, determined or undetermined, liquidated or unliquidated, due or to become due, secured or unsecured, whether alone or with others on a “soli-dary” or “joint and several” basis, or otherwise, all up to a maximum amount outstanding from time to time, at any more or more times, not to exceed U.S. $5,000.00, in principal, interest, costs, expenses, attorneys’ fees and other fees and charges, whether or not any such indebtedness may be barred under any statute of limitations or prescriptive pe *1238 riod or may be otherwise unenforceable or voidable for any reason.
[[Image here]]
GUARANTEE OF BORROWERS INDEBTEDNESS. I hereby absolutely and unconditionally agree to guarantee the prompt and punctual payment and satisfaction of any and all Borrower’s present and ^future indebtedness in favor of Lender. I agree that my obligations and liabilities under this Agreement and otherwise with respect to Borrower’s Indebtedness, shall be on a “solidary” or “joint and several” basis along with Borrower and any or all additional guarantors, endorsers or sureties of Borrower’s indebtedness.
Finally, directly after the guarantors’ signatures, the agreements contain, in pertinent part, the following statement:
NOTICE TO COSIGNER
You are being asked to guarantee this debt, as well as all other present and future debts of Borrower to the creditor of up to Five Thousand & 00/100 Dollars ($5,000.00). Think carefully before you do. If Borrower doesn’t pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.
These guaranties are not tied to a specific debt but to all “present and future indebtedness,” which debts comprise the principal obligation with regard to these agreements.
The Defendants also attempted to present evidence that they did not intend to enter continuing guaranty agreements and that it was not explained to them that this was what they were agreeing to do. An alleged oral agreement may not be allowed to vary the clear and unambiguous terms of a written guaranty agreement. Whitney Nat'l Bank of New Orleans v. Badalamenti, 499 So.2d 1267 (La.App. 4 Cir.1986). Additionally, failure to read a document before signing it will bar relief for the error. First Financial Bank, FSB v. Austin, 514 So.2d 281 (La.App. 5 Cir.), writ denied, 515 So.2d 1112 (La.1987), citing Guaranty Bank and Trust v. Jones, 489 So.2d 368 (La.App. 5 Cir.1986).
Under the clear language of the agreements, the obligations of Brent Reason to the Cottonport Bank which existed at the time the guaranties were entered, as well 14as those undertaken afterwards, constitute the principal obligations to the contracts. Since the obligation sought to be enforced under the continuing guaranties did not become due until April 13, 2000, it had not prescribed at the time this suit was filed. Therefore, the action on the guaranties has not prescribed.
PROOF OF INDEBTEDNESS
The Reasons also contend that the Bank failed to prove that the obligations sought to be enforced had not been paid. However, the Bank did not have the burden of proving non-payment.
In a suit for the collection of a promissory note, the mover’s production of the note sued upon satisfies its burden of proof and sufficiently establishes a pri-ma facie case. The burden of proof then shifts to the adverse party, and the adverse party has the burden of proving nonexistence or extinguishment of the obligation. Merchants Trust & Savings Bank v. Don’s International, 538 So.2d 1060 (La.App. 4 Cir.1989). In the instant case, the appellee produced the note sued upon and the burden shifted to the appellants. Under Louisiana law, the maker of a promissory note “and/or its guarantor” will bear the burden of *1239 proving that the note was paid once the note is introduced into evidence.
Traffic Scan Network, Inc. v. Winston, 98-2428 (La.App. 4 Cir. 7/21/99); 766 So.2d 557, 559-60 (citations omitted).
In the case currently before the court, the Bank proved a prima facie case by producing the note sued upon. At that point, the burden shifted to the Defendants to show that the note had been paid. The trial court found no evidence of payment of this note. After carefully examining the record, we find no error in this finding.
CONCLUSION
For these reasons, we find no error in the trial court’s judgment finding the Defendants obligated to pay $5,000.00 each to the Bank under the guaranty | Sagreements. Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by the Defendants.
AFFIRMED.