# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-242

THE COTTONPORT BANK

VERSUS

DD GROUP, INC., ET AL

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2002-4673B
HONORABLE J. DAVID PAINTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**WRIT DENIED.**

**Stephen Charles Polito**
**Stockwell, Sievert, Viccellio, Clements & Shaddock, LLP**
**P. O. Box 2900**
**Lake Charles, LA 70602-2900**
**(337) 436-9491**
**Counsel for Plaintiff-Respondent:**
      **The Cottonport Bank**

**Stephen D. Wheelis**
**Richard Alan Rozanski**
**J. P. D'Albor**
**Brian J. Weimer**
**Wheelis & Rozanski**
**P. O. Box 13199**
**Alexandria, LA 71315-3199**
**(318) 445-5600**
**Counsel for Defendant-Applicant:**
      **DD Group, Inc.**
      **Douglas B. Gehrig**

**Benjamin Ascher Luke**
**Attorney at Law**
**P. O. Box 363**
**Marksville, LA 71351**
**(318) 253-0275**
**Counsel for Plaintiff-Respondent:**
      **The Cottonport Bank**

**Pickett, Judge.**

The applicants, DD Group, Inc. d/b/a Central Ford and Douglas B. Gehrig, seek supervisory writs from a judgment of the trial court denying their exceptions of nonjoinder of a party and no cause of action.

## STATEMENT OF THE CASE

On September 20, 2002, The Cottonport Bank filed suit against DD Group, Inc. d/b/a Central Ford (DD Group) and Douglas B. Gehrig on a promissory note in the amount of $250,050.00.  The maker of the note was Donald Goodlow d/b/a Central Ford, and Gehrig was the guarantor.

The applicants responded to the suit by filing various exceptions, an answer, and a reconventional demand.  The two exceptions at issue in this writ application are a peremptory exception of nonjoinder of a party and a peremptory exception of no cause of action.  The trial court held a hearing on the exceptions on January 5, 2004, wherein he orally denied the exceptions of nonjoinder of a party and no cause of action.  A judgment conforming to his oral ruling was signed on January 14, 2004.  DD Group and Gehrig sought review of the trial court's ruling by supervisory writ application.  This court granted the writ for the purpose of full briefing and opinion. *The Cottonport Bank v. DD Group, Inc.*, an unpublished writ disposition bearing docket number 04-242 (La.App. 3 Cir. 5/24/04).

## ASSIGNMENTS OF ERROR

The applicants assert one assignment of error:

> The Trial Court erred in denying the defendants' Peremptory Exceptions.

**DISCUSSION**

In *Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878 (La.1981), the supreme court explained when a court of appeal should exercise its supervisory jurisdiction over a trial court's ruling on an exception:

> When the overruling of the exception is arguably incorrect, when a reversal will terminate the litigation, and when there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants [dictates] that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits.

The applicants first argue that the trial court erred in denying the exception of nonjoinder of a party. They assert Goodlow must be joined in the suit in order for there to be a complete and equitable adjudication of the controversy. Goodlow was the manager of Central Ford until he was terminated. The note at issue listed "Donald Goodlow d/b/a Central Ford" as the borrower. The amount of the note was $250,050.00. Donald Goodlow's name appeared below the signature line.

Louisiana Code of Civil Procedure article 641 provides:

> A person shall be joined as a party in the action when either:
>
> (1) In his absence complete relief cannot be accorded among those already parties.
>
> (2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
>
>> (a) As a practical matter, impair or impede his ability to protect that interest.
>> (b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

The applicants claim Goodlow was granted authority, by corporate resolution, to incur corporate debt of not more than $10,000.00. The instant note was executed

after the above-referenced resolution. As the defendants are being sued on the note executed by Goodlow and they assert that Goodlow exceeded his authority in executing the note, they argue that Goodlow should be joined as a party to the litigation.

In response to the exception of nonjoinder of a party, the bank contends it is prohibited from joining Goodlow as a party due to federal bankruptcy law. In its amending petition, the bank alleges Goodlow was adjudicated a bankrupt under federal law. The amending petition asserts that Goodlow's obligations to the bank were discharged; therefore, Goodlow cannot be made a party to the suit.

The applicants argue that the allegations in the amending petition are incorrect because of a consent judgment signed on May 24, 2001 in federal bankruptcy court. The consent judgment deemed Goodlow's debt of $400,000.00 to DD Group and Gehrig as non-dischargeable in the bankruptcy proceedings. The consent judgment clearly applies only to Goodlow's debt to the applicants and not Goodlow's debt to the bank. Additionally, documentation provided with the opposition to the writ shows that Goodlow's debt to the bank was listed as an unsecured nonpriority claim in the bankruptcy proceeding and was discharged on February 21, 2001.

The applicants assert in the alternative that there are exceptions to the discharge of debts under federal bankruptcy law, citing exceptions found at 11 U.S.C. § 523, which deal with any debt for money obtained by false pretenses, false representation, or actual fraud. The applicants argue this exception applies because Goodlow falsely represented to the bank that he was authorized to obtain a loan for $250,050.00. This argument has no merit in this court. The proper place to raise these objections was in the bankruptcy proceedings, and this court is powerless to

3

undo what a federal court has already done. The trial court did not err in overruling the exception of nonjoinder of a party.

Turning to the exception of no cause of action, the applicants argue the bank has no cause of action against them on the note because Goodlow did not have authority to execute the note on behalf of the corporation. The supreme court recently explained the function of a peremptory exception of no cause of action:

> A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1238 (La.1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *Id.* at 1235. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. *Jackson v. State ex rel. Dept. of Corrections*, 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806; *Everything on Wheels Subaru*, 616 So.2d at 1235. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Montalvo v. Sondes*, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131.

*Ramey v. DeCaire*, 03-1299, p.7 (La. 3/19/04), 869 So.2d 114, 118.

The petition filed by the bank describes the note, and the note is attached to the petition as an exhibit. The note clearly identifies Goodlow d/b/a Central Ford as the maker. The amending petition alleges Goodlow executed the note on behalf of Central Ford. The petition also alleges Gehrig signed a commercial guaranty as to the debt of Goodlow d/b/a Central Ford. The amending petition alleges the guaranty was a continuing guaranty and was not limited in amount. The bank's petitions clearly state a cause of action against both DD Group and Gehrig, and the trial court did not err in overruling the exception of no cause of action.

4

The writ is denied.  Costs are assessed to the applicants, DD Group and Douglas Gehrig.

**WRIT DENIED.**