# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 06-328


THE COTTONPORT BANK

VERSUS

DD GROUP, INC. D/B/A CENTRAL FORD, ET AL.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2002-4673
HONORABLE R. RICHARD BRYANT, JR., DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and Billy Howard Ezell, Judges.


**REVERSED AND REMANDED.**


Stephen Charles Polito
Henry Alan McCall
Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.
P. O. Box 2900
Lake Charles, LA 70602-2900
(337) 436-9491
Counsel for Plaintiff/Appellee:
The Cottonport Bank

**Stephen D. Wheelis**
**Richard Alan Rozanski**
**J.P. D'Albor**
**Wheelis & Rozanski**
**P. O. Box 13199**
**Alexandria, La 71315-3199**
**(318) 445-5600**
**Counsel for Defendants/Appellants:**
**DD Group, Inc.**
**Central Ford, Inc.**
**Douglas B. Gehrig**

**Ezell, Judge**.

Douglas Gehrig appeals a trial court judgment rendered pursuant to a motion for summary judgment which found him liable to The Cottonport Bank in the amount of $62,364.28. Mr. Gehrig claims the trial court erred in finding that there were no genuine issues of material fact surrounding a commercial guaranty signed by him. For the following reasons, we reverse.

## FACTS

DD Group, Inc. is a Louisiana corporation domiciled in Lake Charles, Louisiana. It was incorporated by Douglas Gehrig in 1997, and he became one of the directors. The other director was Donald Goodlow. DD Group applied with the Louisiana Secretary of State to operate under the trade name Central Ford in order to operate a Ford Motor Company automobile dealership in Avoyelles Parish, Louisiana. Financing for this business was obtained from The Cottonport Bank on several occasions.

The particular loan at issue in this case concerns promissory note #67006678 which was dated February 3, 1999, in the amount of $250,050.00. At the same time a commercial guaranty was executed by Mr. Gehrig.

In 2001 Mr. Goodlow was granted a discharge of his debts by the United States Bankruptcy Court. However, a consent judgment was signed denying the discharge of debt owed to DD Group, Inc. and Mr. Gehrig.

On September 20, 2002, The Cottonport Bank filed suit on the above promissory note against DD Group, Inc. d/b/a Central Ford and Mr. Gehrig. This case was previously before this court pursuant to a writ of review on a denial of an exception of nonjoinder of a party, Mr. Goodlow, and the denial of an exception of no cause of action. This court found no merit to either argument. *The Cottonport*

1

*Bank v. DD Group, Inc.*, 04-242 (La.App. 3 Cir. 2/2/05), 893 So.2d 171.

Subsequently, The Cottonport Bank filed a motion for summary judgment. Finding no genuine issues of material fact concerning Mr. Gehrig's liability pursuant to the commercial guaranty, judgment was entered on December 8, 2005, holding Mr. Gehrig liable to The Cottonport Bank in the amount of $62,364.28 with interest. Attorney fees were also awarded in the amount of twenty-five percent of the sum of principal and interest. Mr. Gehrig appeals claiming genuine issues of material fact exist concerning the validity of the loan documents and the authority of Mr. Goodlow to borrow the money. He also contests the amount of attorney fees.

## DISCUSSION

Mr. Gehrig raises several points which he urges present genuine issues of material fact as to his liability pursuant to the commercial guaranty form. He argues that there are ambiguities in the documents and that Mr. Goodlow did not have authority to borrow over $10,000.00.

> Appellate courts review summary judgments *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Schroeder v. Board of Supervisors of Louisiana State University*, 591 So.2d 342 (La.1991). A court must grant a motion for summary judgment "if the depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." LSA-C.C.P. art. 966(B). The summary judgment procedure is favored under our law. LSA-C.C.P. art. 966(A)(2).

*Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095, p. 6 (La. 3/10/96), 923 So.2d 627, 632. "Because the applicable substantive law determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case." *Id.*

A contract of guaranty is equivalent to a contract of suretyship, and the two may be used interchangeably. *The Cottonport Bank v. Reason*, 01-1039 (La.App. 3

2

Cir. 12/12/01), 801 So.2d 1236. Pursuant to La.Civ.Code art. 3046, the surety can assert any defenses to the principal obligation against the creditor that the principal obligor could assert except lack of capacity or discharge in bankruptcy of the principal obligor.

Mr. Gehrig claims that the documents themselves create issues of fact. The promissory note at issue lists the borrower as "**DONALD GOODLOW**" and lists his personal social security number. "**D/B/A CENTRAL FORD**" is then typed under Mr. Goodlow's name. The "**PROMISE TO PAY**" language then provides that "**DONALD GOODLOW ("Borrower") promises to pay to the order of THE COTTONPORT BANK ("Lender").**" However, in the "**MULTIPLE ADVANCE LOAN**" section he is listed as "**DONALD GOODLOW, PRESIDENT.**" The loan document is simply signed by Donald Goodlow with no indication of any capacity.

The commercial guaranty lists the borrower in the same manner as the promissory note. However, in the definition of borrower it states, "DONALD GOODLOW, D/B/A CENTRAL FORD." While we agree the intention may have been to bind the corporation, we cannot say it is clear from the documents.

To further his argument that there are questions of material fact surrounding the documentation, Mr. Gehrig argues that there is a 1997 corporate resolution limiting Mr. Goodlow's borrowing authority on behalf of DD Group to $10,000.00. On the other hand, The Cottonport Bank asserts that Mr. Gehrig's actions in executing the commercial guaranty negate any limitation in the resolution.

Pursuant to La.Civ.Code art. 2997(3), authority must be expressly given to contract a loan. This court in *South Louisiana Bank v. Williams*, 591 So.2d 375, 378 (La.App. 3 Cir. 1991), *writ denied*, 596 So.2d 211 (La.1992), quoted from *Carey Hodges Associates, Inc. v. Continental Fidelity Corp.*, 264 So.2d 734, 736 (La.App.

3

1 Cir. 1972) (alteration in original), regarding a third person's knowledge of the agent's authority when dealing with a corporation:

> "[T]hat the person who deals with a corporation is chargeable with notice of the limitations and restrictions placed upon it by statute and is generally bound to know whether or not the person who presumes to represent the corporation and act in its name is authorized to do so. Our jurisprudence holds additionally that the person dealing with an agent is put on his guard by the fact of the person's alleged agency alone and deals with him at his own risk. It is his duty to inquire into and ascertain the nature and extent of his powers as an agent and determine whether or not the act or contract about to be consummated comes within the province of his agency and will or will not bind his principal."

The Cottonport Bank admits that it has a corporate resolution specifically authorizing Donald Goodlow as president to borrow $170,050.00 on a previous loan. The record is devoid of any such authority for the loan at dispute in this case. However, while there is no resolution providing for Mr. Goodlow's authority to borrow, the absence of a resolution is not fatal. *Greenleaf Plantation, Inc. v. Kieffer*, 403 So.2d 100 (La.App. 3 Cir.), *writ denied*, 409 So.2d 675 (La.1981). This court in *Greenleaf* held that pursuant to the doctrines of estoppel, informal ratification, and apparent authority, the corporation was bound by the actions of its president in expressing an intent to exercise an option to purchase.

We do agree with The Cottonport Bank that there is no evidence that it owed a fiduciary duty to Mr. Gehrig. "Pursuant to La.R.S. 6:1124, no fiduciary relationship exists between a bank and its customers or third parties unless it is agreed in writing that a relationship of agency or trust exists between the parties." *Singleton v. American Sec. Bank of Ville Platte, Inc.*, 02-1109, p. 11 (La.App. 3 Cir. 4/30/03), 849 So.2d 72, 78.

However, the record does not establish that Mr. Goodlow had the authority to borrow money on behalf of Central Ford. While there is no doubt that Mr. Gehrig signed a commercial guaranty securing promissory note #67006678, we do not know

4

if he was securing a loan on behalf of the corporation or for Mr. Goodlow personally. Based on this determination, there may or may not be different defenses that Mr. Gehrig can raise as a guarantor of the loan.

We find that there are genuine issues of material fact yet to be determined. While the trial court may still find Mr. Gehrig responsible for the balance on this loan pursuant to the commercial guaranty, there are still too many facts at issue, making summary judgment inappropriate. With this finding, there is no need to discuss the issue of the amount of attorney fees awarded.

For these reasons the judgment of the trial court granting The Cottonport Bank's motion for summary judgment against Douglas Gehrig is reversed, and the case is remanded for further proceedings. Costs of this appeal are assessed to The Cottonport Bank.

**REVERSED AND REMANDED.**